UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA - ORLANDO DIVISION

ROGER KENNEDY CONSTRUCTION, INC.    Case No.: 6:06-CV-01075-PCF-KRS

       Plaintiff,

  vs.

                    **PLAINTIFF'S MOTION FOR SUMMARY**
                      **JUDGMENT AGAINST AMERISURE**

AMERISURE INSURANCE COMPANY,
TRANSCONTINENTAL INSURANCE
COMPANY, and VALLEY FORGE
INSURANCE COMPANY,

       Defendants.

Roger Kennedy Construction, Inc. (Roger Kennedy), **following conclusion of all underlying claims**, moves for summary judgment on Count I of its operable Complaint for breach of contract against its insurer, Defendant, Amerisure Insurance Company (Amerisure). (D.E. 61)

I.   **STANDARD OF REVIEW**

The standard of review for a district court's rulings on motions for summary judgment is *de novo*. See *Sarfati v. Wood Holly Assocs.,* 874 F.2d 1523, 1525 (11th Cir. 1989). Summary judgment is appropriate when the court is satisfied that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is the movant's burden to establish the absence of a material factual issue. *Celotex v. Catrett,* 477

-1-

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

U.S. 317 (1986). The burden then shifts to the non-moving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. De Cuellar v. Brady, 881 F.2d 1561 (11th Cir. 1989); United of Omaha Life Ins. v. Sun Life Ins. Co., 894 F.2d 1555 (11th Cir. 1990).

## II.  FLORIDA LAW

A federal court presiding over a case based on diversity of citizenship applies the state's substantive law. Erie RR Co. v. Tompkins, 304 U.S. 64 (1938). With respect to insurance contracts, Florida resolves conflicts of law by employing both the *lex loci contractus* and significant relationship test. See, e.g., LaFarge Corp. v. Travelers Indem. Co., 118 F.3d 1511, 1515 (11th Cir. 1997). *Lex loci contractus* applies the law of the state in which the contract is made in the absence of a contractual choice of law provision. Wackenhut Servs., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburg PA, 15 F. Supp. 2d 1314, 1320 (S.D. Fla. 1998)(citations omitted).

In this case, the parties agree that the policies were issued and delivered in Florida, to a Florida corporation and state certified general contractor. The risk insured is Roger Kennedy's liability for property damage alleged to arise out of completed construction in Florida, calling for application of this state's law. Lafarge Corp., 118 F.3d @ 1515-1516.

In Florida, the interpretation of an insurance contract is a matter of law subject to *de novo* review. Dahl-Eimers v. Mutual

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

of Omaha Life Ins. Co., 986 F.2d 1379, 1381 (11th Cir. 1993). The duty to defend depends solely on the facts and legal theories alleged in the pleadings and claims against the insured. Nat'l Union Fire Ins. Co. v. Lenox Liquors, Inc., 358 So. 2d 533, 536 (Fla. 1977). No untoward delay or investigation before providing a defense is expected; if an examination of the averments by the claimant leaves any doubt regarding the insurer's duty to defend, the issue is resolved in favor of the insured. Lawyers Title Ins. Corp. v. JDC Corp., 52 F.3d 1575, 1580-1581 (11th Cir. 1995).

Applicable law places the burden of proving that a claim is covered by an insurance policy on the insured. Hudson Ins. Co. v. Double D Mgmnt Co., Inc., 768 F.Supp. 1542 (M.D. Fla. 1991). The burden of proving an exclusion to the coverage is on the insurer. Id. In the event of an *exception* to an *exclusion,* such as the subcontractor exception to the "my work" exclusion to the "products-completed operations" coverage, this Court has found that the burden shifts back to the insured. Id. @ 1545.

### III. ADMISSIONS AND UNDISPUTED FACTS

These facts are admitted except to the extent indicated:

a. This action is based on diversity of citizenship with an amount at issue over $75,000.00. (D.E. 61, 62 ¶ 2) Venue lies in this Court. (D.E. 61, 62 ¶ 3)

b. Amerisure is a foreign corporation, authorized to transact insurance business in Florida. (D.E. 62 ¶ 5b)

-3-

c.  Amerisure's general liability policies are attached to the Complaint. Exhibits 1 and 2 cover an "occurrence" within the policy period of years 2002-2003. Exhibit 3 is a "tail" or special extended reporting period policy, issued after Roger Kennedy ceased operations, for the period 2003 through 2005. (D.E. 61, 62 ¶ 6)

d.  The Amerisure policies were issued and delivered in Florida. (D.E. 61, 62 ¶ 9)

e.  Water intrusion claims on Watuaga Woods, Ridge Club II, and Hampton Greens were finally resolved in favor of Roger Kennedy based on a release that had been executed in 2000. Roger Kennedy's attorney's fees were assessed against the claimants. These projects are, therefore, unimportant to this motion for summary judgment for breach of contract against Amerisure. (D.E. 61, ¶ 7(e))

f.  Huckleberry, Sibley and Harvey (hereinafter "HSH"), located at 1020 N. Orlando Avenue, Suite 200, Maitland, Florida 32751 is "Amerisure's Premier Agent" with which it has an "agency agreement" dated July 2, 2001. (Exhibit 4 hereto – Amerisure's answers to interrogatories ##2-3)

NOTICE

g.  Roger Kennedy was construction manager on the Cypress Club Apartments project. Notice of a pending claim was delivered on 4/5/04, according to Roger Kennedy, and on

-4-

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

5/5/04, according to Amerisure. (D.E. 61, 62 ¶ 7; Exhibit 1 and 3 hereto – affidavits of M. Knadle and C. Sibley)

h. Roger Kennedy constructed the Cedar Forest Apartments project. Notice of a claim was on 3/16/04, according to Roger Kennedy and 4/1/04, per Amerisure. Id.

i. Roger Kennedy constructed the Lake Pointe Apartments. Notice of a claim was on 8/29/03, according to Roger Kennedy and on 12/11/03, according to Amerisure. Id.

j. Roger Kennedy constructed the Regal Pointe Apartments. Notice of claim was 6/10/05, according to Roger Kennedy and 7/26/05 according to Amerisure. Id.

k. Roger Kennedy constructed the Castle Woods and St. Lucie Club projects. Roger Kennedy contends notice of the water intrusion claims were given to Amerisure in June and July 2002 and July 2005. Id. Amerisure denies the first notice and is "without knowledge" of notice in 2005. (D.E. 62, ¶ 7(e))

ACKNOWLEDGMENT OF DUTY TO DEFEND

l. Each of the underlying claims includes allegations of defective stucco application, flawed installation of flashing or windows and related components by Roger Kennedy's subcontractors, leading to water intrusion and property damage, including damage to other

-5-

property. (Exhibit 1 – affidavit of M. Knadle @ attachments)

m. Amerisure acknowledged its obligation to defend claims against Roger Kennedy. (Exhibit 1 – affidavit of M. Knadle; Exhibit 2 hereto – affidavit of J. Quinn)

n. In 2005, Amerisure agreed to defend Roger Kennedy on the underlying claims of Lake Pointe, Regal Pointe, Cypress Club and Cedar Forest. (Exhibit 1, M. Knadle affidavit @ p. 1) In April and May 2006, Amerisure affirmatively states that it had never denied coverage for Cypress Club, Cedar Forest and Regal Pointe claims. (Exhibit 1, M. Knadle affidavit @ ¶ 9)

o. In 2005, in response to Roger Kennedy's threat of litigation, Amerisure served an "amended" reservation of rights on Lake Pointe, reserving its "right" to "re-assert coverage defenses" based on whether the claim encompassed an "occurrence" if the Florida Supreme Court overturned the decision of the Second District Court in J.S.U.B., Inc. v. U.S. Fire Ins. Co., 906 So. 2d 303 (Fla. 2d DCA 2005), review granted, 925 So. 2d 1032. This was the only stated basis under which its rights were being reserved. (Exhibit 1 – M. Knadle affidavit @ pp. 1-2)

REIMBURSEMENT & ASSUMPTION OF DEFENSE

p. After this suit was filed:

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

1. Amerisure reimbursed and brought current **$1,804,933.43** in defense costs paid by Roger Kennedy dating back to 2003; and,

2. Amerisure agreed to assume Roger Kennedy's defense by making regular payments for defense costs directly to defense counsel in lieu of causing Roger Kennedy to seek reimbursement of expenses it paid and participating in defense of the claims. (Ex. 1 - Knadle affidavit)

q. After this suit was filed, Amerisure fully reimbursed outside legal fees and costs by Roger Kennedy excepting $16,844.17 in lawyer's invoices that Amerisure contends predate its notification of the Lake Pointe, St. Lucie (considering only the 2005 and not the 2002 notice) and Cedar Forest claims. (D.E. 62 ¶ 17, Second through Sixth Affirmative Defenses; Exhibit 1 hereto – M. Knadle affidavit; Exhibit 3 hereto – C. Sibley affidavit) It is only liable for expenses incurred after its receipt of notice from HSH, according to Amerisure.

PAYMENT IN SETTLEMENT/CONCLUSION OF UNDERLYING CLAIMS

r. Amerisure paid $55,000 to settle the Cypress Club claim before suit was filed without reservation. It did not pay defense costs until after this case was brought. (D.E. 62, ¶ 17; Exhibit 1 hereto – affidavit of M. Knadle)

s. After suit was filed, Amerisure made payment in settlement of claims by St. Lucie/Castle Woods ($50,000

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

per claimant, $100,000 total),[1] and Regal Pointe ($40,000), without reservation. (Exhibit 1 – M. Knadle affidavit @ p. 3)

t.  No action has been taken by the claimant, owner of Cedar Forest, for over 1-year. Id.

u.  Lake Pointe ended with dismissal in favor of Roger Kennedy. Id.

v.  "Amerisure has defended and paid on all the construction projects related to the subject matter of this litigation," it concedes in sworn answers to interrogatories. (Exhibit 4 – Amerisure's answers to interrogatories #25)

THE INSURANCE POLICIES

Amerisure's tail policy was issued for a premium of $50,000 and provides a general aggregate limit of $2,000,000 and $2,000,000 for products-completed operations. Defense costs do not reduce the policies' limits. (D.E. 61, Ex. 1-3) These provisions are relevant:

- We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

---

[1] The St. Lucie and Castlewoods claims have been settled. Roger Kennedy is finalizing the language of general releases from CED. Amerisure tendered payment directly to the third-party claimants without reservation. (Exhibit 1 – M. Knadle affidavit @ Ex. E)

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

- This insurance applies to… "property damage" only if…[it] is caused by an "occurrence" [and] the "property damage" takes place during the policy period…

- "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

- You must see to it that we are notified as soon as practicable of an "occurrence" or an offense that may result in a claim. If a claim is made or "suit" is brought you must… record the specifics… and, notify us as soon as practicable.

- This insurance does not apply to… "property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard." This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

- "Products-completed operations hazard" includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except… work that has not been completed…

## IV. <u>MEMORANDUM OF LAW</u>

The issues for the Court's determination are (a) whether Amerisure breached its insurance contracts; (b) whether Amerisure's settlement of underlying claims waives its defenses; (c) was Amerisure's post-suit payment in settlement of claims without reservation, reimbursement of costs except $16,844.17 and agreement to undertake Roger Kennedy's defense the functional equivalent of confession of judgment; and, (d) is Amerisure liable for $16,844.17 incurred before notice of claims and, within that issue, whether notice to HSH is effect to notify Amerisure.

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

### (a) **Amerisure breached its insurance contracts in failing to defend its insured.**

Amerisure acknowledged its obligation to defend Roger Kennedy before the favorable legal interpretation that the policies' exclusion for damage to "your work" was subject to the exception for work performed by subcontractors on Roger Kennedy's behalf. <u>JSUB</u>, 906 So. 2d @ 310. Amerisure admits that its policies afford a defense and coverage that it did not provide. (Ex. 1 – M. Knadle affidavit @ attachments; Ex. 4 - Amerisure answers to interrogs. #25)

In May 2005, after <u>JSUB</u> was cited by Roger Kennedy, Amerisure, which had failed to defend or reimburse its insured, wrote a reservation of rights letter to reserve its "right" to reassert the exception if the Florida Supreme Court reverses <u>JSUB</u>. <u>Id.</u> Amerisure resumed dragging its feet such that it had to be sued before bringing reimbursements current and assuming responsibility for investigation and defense of claims.

Very soon after the Florida Supreme Court accepted jurisdiction to consider <u>JSUB</u>, the Eleventh Circuit certified the following question:

> DOES A STANDARD FORM COMPREHENSIVE GENERAL LIABILITY POLICY WITH PRODUCT COMPLETED OPERATIONS HAZARD COVERAGE, SUCH AS THE POLICIES DESCRIBED HERE, ISSUED TO A GENERAL CONTRACTOR, COVER THE GENERAL CONTRACTOR'S LIABILITY TO A THIRD PARTY FOR THE COSTS OF REPAIR OR REPLACEMENT OF DEFECTIVE WORK BY ITS SUBCONTRACTOR?

<u>Pozzi Window Co. v. Auto-Owners Ins.</u>, 446 F.3d 1178, 1188 (11th Cir. 2006). Specifically, the <u>Pozzi</u> court expressed reservations

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

about the continued feasibility of the Florida Supreme Court's ruling that property damage to work performed by or on behalf of the named insured arising out of the insured's work or out of materials, parts or equipment furnished in connection with it, was excluded from general coverage provisions. <u>Pozzi</u>, 446 F.3d @ 1188, <u>citing</u>, <u>LaMarche v. Shelby Mut. Ins. Co.</u>, 390 So. 2d 325, 326 (Fla. 1980).

Though the policy language at issue in <u>JSUB</u> and <u>Pozzi</u> has never been considered by the Florida Supreme Court before <u>JSUB</u>, state District Courts read <u>LaMarche</u> "broadly" to conclude that CGL policies do not cover repair or replacement costs. <u>Pozzi</u>, 446 F.3d @ 1185.

In considering <u>LaMarche</u> and <u>JSUB</u>, courts have recently cited a 1998 Florida Supreme Court case that took a liberal view of what constitutes an "accident" within the definition of "occurrence" for coverage purposes when the former term is not defined in the policy. <u>See</u> <u>Essex Builders Group, Inc. v. Amerisure Ins. Co</u>., 429 F.Supp.2d 1274, 1279 (M.D. Fla. 2005), <u>citing</u>, <u>State Farm Fire & Cas. Co. v. CTC Dev. Corp</u>*.,* 720 So. 2d 1072 (Fla. 1998). By construing the language most favorably to the insured and reading the policy *in pari materia,* the insured's misunderstanding about a variance was termed an "accident" subject to coverage. <u>CTC Development</u>, 720 So. 2d @ 1075.

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

"Federal Courts follow decisions of intermediate appellate courts in applying State law. Concomitantly, the Florida Supreme Court has held '[t]he decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by this Court.'" <u>Galindo v. ARI Mut. Ins. Co.</u>, 203 F.3d 771, 775 (11th Cir. 2000) (citation omitted).

Amerisure recognized its duty to defend. When the Supreme Court of Florida took up <u>JSUB</u>, Amerisure made a calculated gamble that it could string Roger Kennedy along in hopes that <u>JSUB</u> would be overturned before Roger Kennedy filed suit for breach of its insurance contracts. This is further evidenced by Amerisure's pre-suit tender of a nominal amount to Cypress Club in settlement, while it concurrently refused to reimburse more significant sums incurred by its insured in successful defense of the claim.

At all times relevant, the <u>JSUB</u> decision is governing Florida law that should be applied to determine that Amerisure's refusal to defend covered claims violated the terms of its insurance policies. <u>JSUB</u>, 906 So. 2d @ 310. "There is no way to predict how long the Florida Supreme Court may take to rule on <u>JSUB</u>, and there is no compelling reason to delay indefinitely the adjudication of this action." <u>Essex Builders Group, Inc. v. Amerisure Ins. Co.</u>, 2006 WL 3876380, 2 (M.D. Fla. 2006).

        **(b) Amerisure's settlement of underlying claims is a waiver of coverage defenses**

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

From 2003 to mid-2005, Amerisure admitted its duty to defend Roger Kennedy based on the allegations of property damage from water intrusion due to defective work, but ignored all requests that it actually do so. Under Florida law, an insurer faced with a claim has these options:

> First, it may investigate the claim under a reservation of rights and then withdraw its defense and deny coverage, if its investigation reflects a good faith basis for doing so. See Liberty Mut. Ins. Co. v. Lone Star Indus., Inc., 661 So. 2d 1218, 1220 (Fla. 3d DCA 1995), review denied, 671 So. 2d 788. Second, an insurance carrier may institute a declaratory action to establish non-coverage while defending under a reservation of rights. See, e.g., Travelers Ins. Co. v. Emery, 579 So. 2d 798, 800 (Fla. 1st DCA 1991). Finally, an insurance carrier may settle the underlying cause of action thereby waiving any defenses to coverage which it otherwise might have asserted. See Emp. Mut. Liab. Ins. Co. v. Sears, Roebuck & Co., 621 F.2d 746, 748 (5th Cir. 1980).

Steadfast Ins. Co. v. Sheridan Children's Healthcare Servs., Inc., 34 F.Supp.2d 1364, 1366 (S.D. Fla. 1998). Amerisure did not proceed with any of the foregoing options. Based on its failure to provide a defense, its insured incurred substantial legal expenses and filed suit for recompense. In response, without reservation, Amerisure tendered reimbursement of all funds with the exception of a small sum it contends predate its 2005 re-notice of the St. Lucie claim of which HSH was notified in 2002, and its notice from HSH on Lake Pointe and Cedar Forest. After Roger Kennedy spent months and years defending itself, Amerisure admitted liability for all defense costs after

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

the notice dates it selected. See Travelers Indem. Co. of Ill. V. Royal Oak Enterprises, Inc., 344 F.Supp.2d 1358, 1369 (M.D. Fla. 2004)(insured not liable to pay insured's expenses unless insurer's actions forced insured to engage its own attorneys).

Amerisure recognized its obligation and settled the underlying cause of action in Cypress Club, Regal Pointe, St. Lucie and Castle Woods without reservation, thereby waiving any defenses it may have as to coverage of those claims. Sears, Roebuck & Co., 621 F.2d @ 748.[2]

> **(c)  Amerisure's unqualified payments in settlement and reimbursement constitute confession of judgment and entitle Roger Kennedy to attorney's fees.**

Amerisure reimbursed outstanding defense costs without reservation; it finally actually undertook Roger Kennedy's defense and paid to settle Cypress Club. Roger Kennedy sought to amend to add a bad faith claim. (D.E. 31) The Court granted Amerisure's motion to dismiss the bad faith count, finding it premature. (D.E. 56) The Court noted that "[d]etermination of the coverage issue does not have to come from trial or arbitration, but there must be some resolution in favor of the insured." Id., citing, Vest v. Traveler's Ins. Co., 753 So. 2d 1270, 1276 (Fla. 2000).

---

[2] The Eleventh Circuit, in an *en banc* decision Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered before October 1, 1981.

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

> See also Wollard v. Lloyd's & Co. of Lloyd's, 439 So. 2d
> 217, 218 (Fla. 1983)("When the insurance company has
> agreed to settle a disputed case, it has, in effect,
> declined to defend its position in the pending suit. Thus,
> the payment of the claim is, indeed, the functional
> equivalent of the settlement of judgment.")

(D.E. 56 @ pp. 5-6)

Vest is an underinsured motorist claim wherein the payment Vest received from the uninsured motorist's insurer ripened its claim for bad faith against its own carrier. In other words, liability under Vest's UM policy was established when the underinsured's carrier tendered its policy limits, effectively admitting liability. The extent of damages is important in uninsured motorist cases because section 627.727(10), Florida Statutes, provides that damages recoverable from an uninsured motorist carrier in a bad faith action under section 624.155 should include the total amount of the claimant's damages, including any amount awarded in the underlying claim that exceeds the claimant's policy limits. See State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So. 2d 55, 57 (Fla. 1995).

Respectfully, the case at bar sought reimbursement of defense costs and reliable payment for defense of ongoing claims, which Amerisure provided post-suit. Since the Court rejected the bad faith claim as premature, Amerisure made unconditional payment to settle millions of dollars in alleged claims to the remaining third-parties on all active cases

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

against its insured. Indeed, Roger Kennedy's funding of an aggressive, competent defense and investigation, and its representatives' personal oversight and participation enabled Amerisure to settle claims over $10,000,000 for under $200,000.

All active claims are concluded and Amerisure's acts concede its defenses to Roger Kennedy's claims. Nova Cas. Co. v. Waserstein, 424 F.Supp.2d 1325 (S.D. Fla. 2006)(Duty to defend is broader than the duty to indemnify, and thus, where the insurer has no duty to defend, it necessarily has no duty to indemnify). Amerisure cannot go back and argue that the allegations concerning the claims it has satisfied without reservation did not fall within the policy's obligation to defend. XL Spec. Ins. Co. v. Skystream, Inc., 943 So. 2d 848 (Fla. 3d DCA 2006).

Concerning Lake Pointe, Roger Kennedy prevailed on the $7,000,000 claim and Amerisure repaid its defense costs excepting $8,968.56 in invoices for July, August and September 2003. It's defense under reservation of rights was (a) never forthcoming; (b) based on a future change in the law that did not yet and may never take place; and (c) promised long after the (30) day period proscribed by section 627.426, Florida Statutes.

Fisher v. Certain Interested Underwriters at Lloyds Subscribing to Contract #242/99 is distinguishable. 930 So. 2d

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

756 (Fla. 4th DCA 2006). (D.E. 56 @ p. 8) A decision of the trial court on the insurer's declaratory judgment action requiring homeowners to repay monies tendered by their insurer for "future additional living expenses" was approved on appeal. Id. @ 759. The payment at issue was disputed on an otherwise covered claim and was tendered under protest, based on an opinion from this Court. Id., citing, Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co., 250 F.Supp.2d 1357 (M.D. Fla. 2003), affirmed, 362 F.3d 1317 (11th Cir. 2004).

Likewise, another case relied upon in the prior Order is materially different in that the insured was not required to sue in order to be provided a defense. Basik Exports & Imports, Inc. v. Preferred Nat. Ins. Co., 911 So. 2d 291, 294 (Fla. 4th DCA 2005). (D.E. 56 @ p. 8) Preferred National defended its insured under a reservation of rights. Despite the defense it was provided, the insured in Basik Exports sued for declaratory judgment. When Preferred National paid to settle the third-party claim, its insured sought fees in its declaratory action, arguing it was entitled to legal fees under Wollard. Id. However, unlike Roger Kennedy and the insured in Wollard, Preferred National "did not force the insured to retain counsel and incur fees." Id. @ 294.

The purpose behind section 627.428, Florida Statutes, "is to discourage insurers from contesting valid claims and to

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

reimburse successful policy holders **forced to sue** to enforce their policies." Danis Indus. Corp. v. Ground Improvement Tech., 645 So. 2d 420, 421 (Fla. 1994) (emphasis added); see also Pepper's Steel Alloys, Inc. v. U.S., 850 So. 2d 462, 465 (Fla. 2003)(attorney's fees awarded under section 627.428 in suit to enforce insurer's settlement with insured).

This is not a case where the insured continued to incur legal fees despite Amerisure having undertaken its defense according to the policies. Cf., Ground Improvement Tech., 645 So. 2d @ 421.

These facts are like Wollard, wherein the insured had to resort to litigation after its insurer refused a covered claim. Wollard, 439 So. 2d 217, 218. After the case was filed, the insurer settled by paying its insured. Id. @ 218. Once the insured has to sue, the insurer is liable for attorney's fees regardless of whether it voluntarily tenders payment before judgment. Id.

Amerisure went on to settle the third-party claims as to St. Lucie, Castle Woods and Regal Pointe. An insurer that furnishes a defense under reservation of rights and defends and settles the underlying third-party claims is responsible for its insured's attorney's fees in the coverage case. O'Malley v. Nationwide Mut. Fire Ins. Co., 890 So. 2d 1163, 1164 (Fla. 4th DCA 2004).

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

"The case law clearly indicates, that if an insurance company settles a claim, the insured is entitled to attorney's fees pursuant to section 627.428." United Auto. Ins. Co. v. Zulma, 661 So. 2d 947, 949 (Fla. 4th DCA 1995). Roger Kennedy is entitled to its attorney's fees on the contract claims in this case under Florida law. See Pepper's Steel, 850 So. 2d @ 465. In addition, upon Amerisure's unqualified settlements, "the claim for bad-faith damages accrued from the date [of] violation of section 624.155…" Vest, 753 So. 2d @ 1275.

> **(d) Amerisure is liable for pre-notice expenses and notice to HSH notifies Amerisure.**

Amerisure's "occurrence" based policies cover claims during the policy period, which claims or suits should be identified to Amerisure as soon as "practicable." (D.E. 61 @ Ex. 1-3)

**Table 1-Unreimbursed fees & costs based on notice dates**

| CLAIM | NOTICE TO INSURED | NOTICE TO HSH | CASE FILED | CASE NOTICE TO HSH | ADD'TL NOTICE TO HSH | UNREIMB. INVOICES (MOS/YR) | UNPAID AMT | RESOLVED | RESOLUTION |
|---|---|---|---|---|---|---|---|---|---|
| LAKEPOINTE | 7/03/03 | 8/29/03 | 11/18/03 | 12/11/03 | | 7/03-11/03 | $8,968.56 | 6/01/06 | Dismissed |
| ST. LUCIE | 6/07/02 | 6/07/02 | 6/18/02 | 7/01/02 | 7/01/05 | 7/05-9/05 | $3,059.00 | 1/07 | Settle $50k |
| CASTLEWOODS | 6/07/02 | 6/07/02 | 6/18/02 | 7/01/02 | 7/01/05 | -- | | 1/07 | Settle $50k |
| CYPRESS CLUB | 4/05/04 | 4/05/04 | 4/12/04 | 5/05/04 | | -- | | 12/16/05 | Settle $55k |
| CEDAR FOREST | 2/27/04 | 3/16/04 | 9/20/04 | 9/21/04 | | 8/03- 4/04 | $4,816.61 | 1/01/07 | Dormant-1yr[3] |
| REGAL POINTE | 6/10/05 | 7/13/05 | 7/28/05 | 8/03/05 | | -- | | 10/24/06 | Settle $40k |

The law is well established that an insurer unjustifiably refusing to defend its insured is liable to the insured for the reasonable legal fees and other expenses incurred in defending

---

[3] There is a lack of activity by the Plaintiff-Owner in Cedar Forest for over (1) year, the matter outstanding on that claim is the $4,816.61 in unreimbursed legal expenses. Table 1; Exhibit 1 – M. Knadle affidavit.

-19-

the third party's action. <u>BellSouth Telecomm., Inc. v. Church &</u> <u>Tower of Fla., Inc.</u>, 930 So. 2d 668, 671 (Fla. 3d DCA 2006); <u>Nationwide Mut. Fire Ins. Co. v. Beville</u>, 825 So. 2d 999, 1003 (Fla. 4th DCA 2002)(when an insurer either refuses to defend or makes a reservation of rights, it violates its duty to unconditionally defend its insured and transfers power to defend to insured).

Amerisure has now reimbursed all defense costs, incurred beginning in 2003, provided a defense, and settled all active claims; however, it refuses to pay $16,844.17 in legal expenses incurred in advance of the dates it sets for receipt of notice, without alleging any prejudice and regardless of notice to HSH. <u>See</u> Table 1.

The salient issue under Florida law is whether the insurer demonstrates that it was prejudiced by late notice. <u>BellSouth</u>, 930 So. 2d @ 671. Absent prejudice, Amerisure is obliged to reimburse the remaining outstanding invoices to Roger Kennedy. <u>Id.</u>

Amerisure also did not furnish its insured with a defense at any time before this suit was filed. Control of the defense was relinquished to Roger Kennedy and it is entitled to recover its outside costs. <u>Belville</u>, 825 So. 2d @ 1003.

Finally, Amerisure's blanket rejection of dates HSH admits to having received notice pursuant to multiple policies of

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

insurance purchased by Roger Kennedy is not well taken. (Exhibit 3 – C. Sibley affidavit) Unlike HSH, the seller of a policy of automobile insurance was not a regular agent of American Casualty Company of Reading, Pennsylvania. <u>Am. Cas. Co. of Reading, PA v. Castellanos</u>, 203 So. 2d 26, 27 (Fla. 3d DCA 1967). Nonetheless, having accepted the benefit of multiple policies sold through the agency, American Casualty was duly notified of a claim by notice to the agency. <u>Id.</u>

On its website, Amerisure advertises HSH as a "Premier Agency" and admits to its "agency agreement" with HSH. (Ex. 4 – Ans. to Interrogatories ## 2-3) It is established that the knowledge of an insurance agent binds its principal, even if not transmitted to the principal. <u>Hardy v. Am. So. Life Ins. Co.</u>, 211 So. 2d 559 (Fla. 1968).

By the affidavit of HSH, fees unpaid are after the date the agent was notified. (Ex. 3 – C. Sibley affidavit) HSH is familiar with Roger Kennedy's business and claims and such knowledge was equivalent to knowledge on part of the insurer under Florida law. <u>Id.</u>; <u>Poole v. Travelers Ins. Co.</u>, 179 So. 138 (Fla. 1937).

To the extent, if any, the Court considers that balance of approximately .009 of the fees and costs reimbursed to result in a question on the extent of Amerisure's coverage, the issue of liability should be resolved in favor of Roger Kennedy.

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

## IV. Conclusion

Amerisure was sued because it repeatedly agreed to defend claims that it never defended. It refused to reimburse amounts spent in defense by its insured. After suit was filed, Amerisure tendered payment and directly undertook the defense of Roger Kennedy, settling all remaining active outstanding claims, without reservation.

As the prevailing party on the breach of contract claim, Roger Kennedy is entitled to attorney's fees and legal costs.

Amerisure is liable for the alleged pre-notice balance and notice to HSH is effective to notify Amerisure.

Finally, Roger Kennedy intends to immediately seek leave to amend to state its claim for bad faith claim.

Wherefore, Roger Kennedy requests the Court enter summary judgment against Amerisure.

s/ Rosemary H. Hayes
Rosemary Hanna Hayes
Florida Bar no. **549509**
Tina L. Caraballo
Florida Bar no. **0164275**
HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801
rhayes@const-law.com
Telephone(407) 649-9974
Facsimile 407) 649-9379
Plaintiff's Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: John B. Atkinson at jatkinson@atkinsonbrownell.com; Rebecca Ann Brownell rbrownell@atkinsonbrownell.com; William P. Gray at wgray@forizs-dogali.com; and Erik W. Drewniak at edrewniak@nixonpeabody.com.

s/ *Rosemary H. Hayes*
Lead Trial Counsel

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801