UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ROGER KENNEDY CONSTRUCTION, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>AMERISURE INSURANCE COMPANY, TRANSCONTINENTAL INSURANCE COMPANY, and VALLEY FORGE INSURANCE COMPANY,<br><br>Defendants. | Case No.: 6:06-CV-1075-ORL-19-KRS<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO AMERISURE'S MOTION FOR SUMMARY JUDGMENT (D.E. 82)**<br>***(w/MEMORANDUM IN SUPPORT)*** |

Roger Kennedy Construction, Inc. ("Roger Kennedy") files its response in opposition directed to Amerisure Insurance Company's ("Amerisure"), Motion for Summary Judgment. (DE 82)

I. INTRODUCTION

Upon application of law to the facts of record, Amerisure asserts Roger Kennedy was:

(1) provided a defense in accord with its insurance policies;[1]

(2) not entitled to 'pre-notice' legal fees and costs; and,

(3) not due reimbursement of personnel expense incurred without Amerisure's approval.

(DE 82 @ p. 3) The first two issues are framed by Roger Kennedy's motion; the third is from Amerisure's counterclaim, count I.[2] (DE 62, 76)

---

[1] This issue is identified on page 3 of Amerisure's motion, but not separately set out in its argument. (DE 82) Notwithstanding, as stated below, the issue of entitlement to alleged pre-notice expenses is directly implicated by the fact of Amerisure's failure to defend.



HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

Amerisure attaches its reservation of rights letters. (DE 82 @ Exhibits A-D; DE 87 - re-files entire Lake Pointe letter of 12/17/03) See Table 1. Amerisure filed a summary of payments made in reimbursement of its insured between June 2005 and October 2006. (DE 82 @ Exhibit G; DE 84 - re-files payment summary) It accurately shows Amerisure tendered $381,716 to repay its insured after the instant suit was filed. (Exhibit 1 hereto - affidavit in opposition) It indicates the dates that Amerisure began making payment directly to defense counsel, Michael C. Sasso, P.A. Id.

| | | |
|---|---|---|
| 12/17/03 | Lake Pointe | Acknowledges "duty to defend" |
| 04/07/04 | Cedar Forest | Late notice may cause prejudice; investigating coverage |
| 06/03/04 | Cypress Club | Investigating coverage |
| 11/12/04 | Cedar Forest | Still investigating; Refers to & attaches 4/7/04 letter |
| 04/04/05 | Cedar Forest | Will pay 50% "with any other insurance company presently defending you." |
| 05/24/05 | Cedar Forest, Lake Pointe | "[I]f Florida Supreme Court reverses JSUB... there will be no coverage..."[3] |
| 05/24/05 | Cypress Club | Investigating coverage |
| 08/22/05 | Regal Pointe | Investigating coverage |
| 10/06/05 | Cypress Club | "will provide defense & indemnity" |
| 01/30/06 | Regal Pointe | "will provide defense & indemnity" |
| 06/15/06 | St. Lucie, Castlewoods | "once we receive more information...we will determine if we will contribute to this defense..." |

**Table 1 - Amerisure's Reservations of Rights Letters (DE 82, 87)**

## II. STANDARD OF REVIEW

---

[2] Roger Kennedy's summary judgment motion raises equivalent issues to those on page 3 of Amerisure's motion, i.e., (a) whether Amerisure breached its policies; (b) whether Amerisure's **post-suit** (1) payment in settlement, (2) reimbursement of costs (except $16,844.17 'pre-notice' expenses), and (3) direct payment of defense counsel constitutes confession of judgment; and (c) whether Amerisure is liable for $16,844.17, and, if notice is the critical determiner, whether notice to HSH is sufficient. (DE 76 @ p. 9)

[3] J.S.U.B., Inc. v. U.S. Fire Ins. Co., 906 So. 2d 303 (Fla. 2d DCA 2005), review granted, 925 So. 2d 1032.



HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

The standard of review for a district court's rulings on motions for summary judgment is *de novo*. See Sarfati v. Wood Holly Assocs., 874 F.2d 1523, 1525 (11th Cir. 1989). Summary judgment is appropriate when the court is satisfied that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is the movant's burden to establish the absence of a material factual issue. Celotex v. Catrett, 477 U.S. 317 (1986). The burden then shifts to the non-moving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. De Cuellar v. Brady, 881 F.2d 1561 (11th Cir. 1989); United of Omaha Life Ins. v. Sun Life Ins. Co., 894 F.2d 1555 (11th Cir. 1990).

III. FLORIDA LAW

In this case, the parties agree that the policies were issued and delivered in Florida to a Florida corporation and state certified general contractor for work undertaken and risk insured in Florida, calling for application of Florida law. See, e.g., LaFarge Corp. v. Travelers Indem. Co., 118 F.3d 1511, 1515-1516 (11th Cir. 1997).

Florida's Claims Administration statute assumes a conflict of interest between the insurer and the policyholder whenever the insurer asserts a coverage defense. When the insurer



HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

asserts a coverage defense, the statute requires the insurer either to (1) obtain a non-waiver agreement from the policyholder after "full disclosure of the specific facts and policy provisions upon which the coverage defense is asserted and the duties, obligations, and liabilities of the insurer during and following the pendency of the subject litigation"; or (2) retain "independent counsel which is mutually agreeable to the parties." § 627.426(2), Fla. Stat. (2005) Case law applying the Florida Claims Administration Statute has held that the phrase "coverage defense" as used in subsection (2) means a "defense to coverage that otherwise exists and does not include disclaimer of liability based on complete lack of coverage for loss sustained." See, e.g., AIU Ins. Co. v. Block Marina Inv., Inc., 544 So. 2d 998 (Fla. 1989).

Amerisure cites Florida law and states that an unambiguous policy must be given its full force and effect as written. U.S. Fire Ins. Co. v. Morejon, 338 So. 2d 223, 225 (Fla. 3d DCA 1976). (DE 82 @ p. 11)

IV. THE INSURANCE POLICIES.

Amerisure's "tail" policy was in place during the years 2003 to 2005; it followed its general liability and umbrella policies for 2002. The policies provide as follows:

- **SUPPLEMENTARY PAYMENTS - COVERAGES A AND B**

> We will pay those sums the insured becomes legally obligated to pay as damages… We will have the right and duty to defend the insured against any suit seeking those damages. …We may at our discretion, investigate any 'occurrence' and settle

any claim or 'suit' that may result. …No other obligation or liability to pay sums or perform acts or services is covered unless specifically provided for under Supplementary Payments… *** ***We will pay, with respect to any claim we*** investigate or ***settle, or any 'suit'*** against an insured ***we defend***: a. All expenses we incur. *** d. ***All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or 'suit,' including actual loss of earnings up to $250 per day…***

(DE 61 @ Ex. 3 - policy pp. 1, 7-8 of 16)(e.a.)

*When this insurance is excess, we will have no obligation to defend… If no other insurer defends, we will undertake to do so,* but we will be entitled to the insured's rights against those other insurers. *** *If this insurance is primary then our obligations are not affected unless any of the other insurance is also primary.* Then we will share in the method described in [paragraph] (c), below.*** (c)…each insurer contributes equal amounts until it has paid its applicable limits of insurance or none of the loss remains, whichever comes first.

(DE 61 @ Ex. 1 - policy pp. 9-10 of 13)(e.a.)

When this insurance is excess, we will have no duty under Coverages A and B to defend the insured against any 'suit' if any other insurer has a duty to defend the insured against that 'suit.' *If no other insurer defends, we will undertake to do so…*

(DE 61 @ Ex. 3 - policy p. 12 of 16)(e.a.)

- **SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**

If the insured has a right to recover all or part of any payment *we have made under this Coverage Part*, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring 'suit' or transfer those rights to us and help us enforce them.

Id. (e.a.)

V. ANALYSIS



HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

**(a) Amerisure's motion for summary judgment should be denied in that it did not "defend" according to its insurance policies or Florida law.**

As stated in the introduction, Amerisure's motion invites a determination that it "provided a defense to Roger Kennedy in accordance with its insurance policies." (DE 82 @ p. 3) Although not specifically set out in Amerisure's "Discussion and Argument" commencing at page 9 of its motion, the law applied to reach a resolution on the issue of Roger Kennedy's entitlement to $16,844 in early legal costs necessitates analysis of the adequacy of the defense Amerisure purports to have provided. See, e.g., Carrousel Concessions, Inc. v. Fla. Guar. Assoc., 483 So. 2d 513, 516 (Fla. 3d DCA 1986). Amerisure's position lacks basic cogency and, respectfully, the Court should find its defense non-existent or, at best, inadequate.

It is established beyond peradventure that the duty to defend is distinct from, and far broader than, an insurer's duty to indemnify. Travelers Indem. Co. of Ill. v. Royal Oak Enters., Inc., 429 F.Supp.2d 1265, 1272 (M.D. Fla. 2004). The duty to defend results from the terms of the parties' contract. Id. "Whether the duty to defend arises depends solely on the allegations contained in the complaint against the insured. If the complaint alleges covered and non-covered claims, the insurer's duty to defend is triggered and obligates the insurer to defend the entire suit." Id. @ 1273.



HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

By December 17, 2003 letter, a partial copy of which is attached to Amerisure's motion and subsequently re-filed with the Court to include page 2, Amerisure expressly acknowledges its contractual and legal duty to defend as to some claims asserted in litigation and arbitration over $7,000,000 in damages on the Lake Pointe Apartments, a project on which Roger Kennedy and its principals were indemnitors pursuant to the surety's performance bond. (DE 62, 87)

Under Florida law, to satisfy its duty to defend, an insurer must provide an adequate defense. Id. An insurance company that is negligent in carrying out its duty to defend, is liable for "all damages naturally flowing from the breach." Id.; see, e.g., Carrousel, 483 So. 2d @ 516.

In this case, there is no record evidence that Amerisure was "adequately defending" at any time. Carrousel, 483 So. 2d @ 517. While Amerisure wrote a letter on December 17, 2003, Amerisure offers nothing beyond bald statements that it "defended" its insured. (DE 82 @ Exhibit A)

Amerisure went on to promise to share defense costs; however, neither its policies, the Claims Administration Statute, nor legal precedent allow it.[4] See § 627.426, Fla. Stat. As general liability insurance carriers such as Amerisure

---

[4] Of course, in 2002, Amerisure carried Roger Kennedy's primary and umbrella coverage. In 2003-2005, Amerisure's tail policy or 2002 policies would be first and second in line. (DE 61, Exhibits 1-3)



HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

recognize, the policy reference to pro rata or excess insurance relates to the payment of a 'loss,' *a fact made clear by mention of the policy limits*, which even Amerisure has affirmatively notes are not reduced by payment of defense costs. Am. Fid. & Cas. Co. v. Penn. Threshermen & Farmers' Mut. Cas. Ins. Co., 280 F.2d 453, 459 (5th Cir. 1960).[5] (DE 82 @ p. 7) "More important, the duty to defend is one which is personal to the relationship of this insurer and this assured. [Regardless of w]hatever may be the right ultimately to saddle off a part of the cost of defense actually undertaken once payment has been made…" Id.

Amerisure's promises of investigation and part performance were merely pretext. Several months after the filing of this litigation and three (3) years after the above-described letter acknowledging a duty to defend, Amerisure made its first direct payment to defense counsel, according to other evidence Amerisure re-filed in support of the relief it seeks. (DE 84)

Unquestionably, Amerisure did not "defend." Caroussel, 483 So. 2d @ 516; see Taylor v. Safeco Ins. Co., 361 So. 2d 743, 745 (Fla. 1st DCA 1978)(insurer's defense of insured "exemplified" by its "payment of a lawyer to represent [it]").

---

5 The Eleventh Circuit in an en banc decision, Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit prior to October 1, 1981.



HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

(b) **Amerisure's motion for summary judgment concerning post-notice legal expenses should be denied based on the policy language and Florida law.**

Amerisure's policy says that it is liable to the insured for expenses incurred at Amerisure's request. (D.E. 61 @ Ex. 3 - policy pp. 7-8) The critical caveat is "with respect to any claim… we defend." Id. The provision is inapposite on the facts at bar. Caroussel, 483 So. 2d @ 516; Taylor, 361 So. 2d @ 745.

**Table 2 - 'Pre-Notice' Legal Expenses**

**AMERISURE - UNREIMBURSED FEES AS 'PRE-NOTICE'**

CEDAR FOREST

| DATE | FEES | COSTS | TOTAL | AMT PD | |
|---|---|---|---|---|---|
| 8/31/03 | $558.75 | $0.74 | $559.49 | $0.00 | |
| 10/31/03 | $23.50 | $0.00 | $23.50 | $0.00 | |
| 1/31/04 | $23.50 | $0.00 | $23.50 | $0.00 | |
| 2/29/04 | $1,859.75 | $31.28 | $1,891.03 | $0.00 | 3/16/2004 |
| 3/31/04 | $176.25 | $6.44 | $182.69 | $0.00 | 4/1/2006 |
| 4/30/04 | $2,098.50 | $37.90 | $2,136.40 | $0.00 | |
| | | | $4,816.61 | | |

LAKEPOINTE

| DATE | FEES | COSTS | TOTAL | AMT PD | |
|---|---|---|---|---|---|
| 6/30/03 | $636.25 | $1.87 | $638.12 | $0.00 | 8/29/2003 |
| 8/31/03 | $954.75 | $95.00 | $1,049.75 | $0.00 | |
| 9/30/03 | $246.75 | $150.48 | $397.23 | $0.00 | |
| 10/31/03 | $4,424.25 | $273.27 | $4,697.52 | $0.00 | Nov-03 |
| 11/30/03 | $1,883.50 | $302.44 | $2,185.94 | $0.00 | |
| | | | $8,968.56 | | |

CASTLEWOODS/ST. LUCIE

| DATE | FEES | COSTS | TOTAL | AMT PD | |
|---|---|---|---|---|---|
| | | | | | 6/5/2002 |
| 7/29/05 | $715.00 | $28.26 | $743.26 | $0.00 | |
| 8/25/05 | $496.25 | $12.50 | $508.75 | $0.00 | |
| 8/25/05 | $1,416.25 | $193.13 | $1,609.38 | $0.00 | |
| 9/25/05 | $173.00 | $24.61 | $197.61 | $0.00 | Jun-06 |
| | | | $3,059.00 | | |

SUMMARY

| | |
|---|---|
| $8,968.56 | LAKEPOINTE |
| $4,816.61 | CEDAR FOREST |
| $3,059.00 | CASTLEWOODS/ST. LUCIE |
| $16,844.17 | SUBTOTAL PRE-NOTICE FEES |

NOTICE DATE

AMERISURE'S DATE

Because Amerisure *did not* "defend" from 2003 to 2006, it cannot stand on the limitation in its policies. Carrousel, 483 So. 2d @ 516-517. Because Amerisure chose not to "defend," its liability is not limited to Roger Kennedy's attorney's fees, but all damages that reasonably flow from its breach. Id. This should include 'pre-notice' fees. See Table 2.



HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

Amerisure contends that there is no Florida case law on point and relies on a Georgia case discussed in an opinion out of the Eleventh Circuit. Elan Pharm. Res. Corp. v. Emp. Ins. of Wasau, 144 F. 3d 1372 (11th Cir. 1998), citing, O'Brien Family Trust v. Glen Falls Ins. Co., 461 S.E. 2d 311 (Ga. 1995). It fails in its obligation to inform the Court that Georgia law is materially different, i.e., applying Georgia law, the Eleventh Circuit held that the fact that the insurance company "breached its duty to defend cannot serve to expand the scope of [the insurer's] liability." Elan, 144 F.3d @ 1382 (internal citation omitted). Indeed, the Eleventh Circuit has expressly recognized that "under Georgia law," an insurer that wrongly refuses to defend is not estopped from asserting policy defenses. Henning v. Cont'l Cas. Ins. Co., 254 F.3d 1391 (11th Cir. 2001).

In this case, Amerisure agrees that Florida law applies. (DE 82 @ p. 11) In Florida, a refusal to defend is treated as if the insurer "renounced the contract and washed its hands of the whole affair." Galen Health Care, Inc. v. Am. Cas. Co. of Reading, Penn., 913 F.Supp. 1525, 1533 (M.D. Fla. 1996).

> It is well-settled law that, when an insurer agrees to defend under a reservation of rights or refuses to defend, the insurer transfers to the insured the power to conduct its own defense, and if it is later determined that the insured was entitled to coverage, the insured will be entitled to full reimbursement of the insured's litigation costs.



HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

BellSouth Telecomm., Inc. v. Church & Tower of Fla., Inc., 930 So. 2d 668, 670-671 (Fla. 3d DCA 2006). "Full reimbursement" is due Roger Kennedy as it was "later determined" when Roger Kennedy sued Amerisure that the insured was entitled to a defense and coverage. Id.

Amerisure's court filings make much about the date the claims were reported to it by "Roger Kennedy's agent," Huckleberry, Sibley & Harvey, Insurance and Bonds, Inc. ("HSH"). (DE 62) Amerisure is all over the board in regard to notice dates. For example, Amerisure maintained that Lake Pointe was not reported until December 2003 and, without correcting its summary judgment motion, subsequently admits it was notified in November 2003. (DE 62 @ p. 10; DE 82 @ p. 4; DE 92 @ p. 3) Amerisure refuses to pay fees on Lake Pointe from July through November 2003. Table 2. In regard to the advent of water intrusion claims on Castlewoods and St. Lucie, Amerisure's answer admitted notice in September 2005.[6] (DE 62 @ pp. 11-12; Exhibit 1 hereto - Affidavit in opposition) In seeking summary

---

[6] For clarification, gas venting claims were brought by the CED Companies on Castlewoods, St. Lucie, Watuaga Woods and Ridge Club II in the late 1990's, claims tendered to Roger Kennedy's insurers. Some defense costs were covered by CNA. Water intrusion damages were alleged on the same projects in 2002 and HSH was notified. From 2002 to 2005, Roger Kennedy successfully sought to enforce CED's release on the Watauga Woods and Ridge Club II complexes it obtained in resolving the gas venting claims to foreclose water intrusion claims. St. Lucie and Castlewoods were not implicated by the release and were summoned up by CED in 2005, at which time notice to HSH was renewed. (DE 61)



HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

judgment, Amerisure asserts notice on Castlewoods and St. Lucie was not until June 12, 2006.[7] (DE 82 @ 6)

Respectfully, Amerisure's assumption of various versions of history and the confusion it creates does nothing to further its cause. Amerisure does not allege Roger Kennedy failed to give notice as soon as "practical," as required by the policies. (DE 61, Ex. 1-3) The policies were subject to yearly audits and earlier notice dates were based on the knowledge of Amerisure's own "Premier Agency," HSH. (DE 61 @ Exhibit 1, page 1 - declarations page; DE 89 - Amerisure supplemental interrogatory answers) It does not establish or offer more than a single general averment that it was prejudiced, a precursor to a coverage defense based on late notice in Florida. BellSouth, 930 So. 2d @ 671. The failure of a carrier to defend upon receipt of notice waives any defect in a delayed notice and renders the insurer liable for reasonable legal fees and other expenses. Id.

In Florida, a liability insurance carrier acts "at its peril" in refusing to defend an insured and it will be liable for the consequences. Gallagher v. Dupont, 918 So. 2d 342, 347 (Fla. 5th DCA 2005). Amerisure had an obligation to act in "good faith" in defending Roger Kennedy; it is liable for

[7] Amerisure ignores evidence from September 2005 and adopts the notice date of 6/12/06 in order to exclude St. Lucie and Castlewoods altogether to misrepresent that 84% of defense costs were repaid pre-suit. (DE 95; Exhibit 1 hereto - affidavit in opposition & Exhibit)



HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

damages in failing to do so. Tully v. Travelers Ins. Co., 118 F.Supp. 568, 571 (N.D. Fla. 1954).[8]

**(c) Amerisure is not entitled to summary judgment on count I of its counterclaim because it fails to state a cause of action & having forced Roger Kennedy to conduct its own defense, Amerisure is liable for its expenses.**

Amerisure is seeking a determination that Roger Kennedy is not entitled to recover expenses other than legal fees and third-party costs associated with defense of claims in excess of $10,000,000 that Amerisure failed to defend until it was sued.

In its counterclaim, Amerisure

> requested (sic) that this Court enter judgment in this action awarding the $303,000 in favor of AMERISURE currently held in the trust account of Michael C. Sasso, P.A., awarding its attorney's fees and costs and disbursements… including past and future costs, disbursements and counsel fees…

(DE 62 @ pp. 19-20, amended answer to operable complaint; DE 92 @ pp. 18-19, proposed amended counterclaim of Amerisure)[9]

Preliminarily, the federal district court lacks subject matter jurisdiction over non-party, Michael C. Sasso, P.A. Infant Formula Antitrust Lit., MDL 878 v. Abbott Labs., 72 F.3d 842, 843 (11th Cir. 1995). The counterclaim really seeks injunctive relief –judgment for damages would not assure the

---

[8] Amerisure's stubborn insistence that it "defended" is probably an effort to avoid a final determination on the contract action, fearing a subsequent bad faith claim. See DE 56; Tully, 118 F.Supp. @ 570.

[9] According to par. 1 @ p. 17 of its proposed amended counterclaim, Amerisure brings an action for "breach of contract and rescission." (DE 92) The single count seeks funds from the trust account, attorney's fees and "disbursements," past and future. Id.



HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

desired result of receiving funds in a non-party's trust account. Cf. Mitsubishi Int'l Corp. v. Cardinal Textile Sales, *Inc.*, 14 F.3d 1507, 1521 (11th Cir. 1994)(federal courts look to remedy implicitly sought, not terminology). The complaint fails to state a cause of action for injunctive relief because there is no allegation of irreparable injury or absence of an adequate remedy at law. See Moore v. Schlesinger, 150 F. Supp. 2d. 1308, 1314 (M.D. Fla. 2001), affirmed, 2002 WL 1049075 (11th Cir. May 14, 2002), rehearing en banc denied, 2002 WL 2001261 (11th Cir. August 15, 2002).

Amerisure overlooks the elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages. Franceschini v. Allstate Floridian Ins. Co., 2007 WL 646957, 3 (M.D. Fla. February 27, 2007). Amerisure does not identify the material breach or explain how it has been damaged. The contract provision that speaks to Roger Kennedy's rights against third parties does not seem to afford Amerisure the relief requested. (DE 61, Exhibit 3 @ p. 12 of 16)

Presuming Roger Kennedy's contract action sought the consequential damages at issue, or Amerisure stated a claim for declaratory relief under 28 USC section 2201 or otherwise, Florida law provides that Roger Kennedy is entitled to prove up "the amount of any collateral damages that resulted from the breach" in addition to attorney's fees and costs it incurred in

defense of the underlying claims. N. Am. Van Lines, Inc. v. Lexington Ins. Co., 678 So.2d 1325 (Fla. 4th DCA 1996); see also Caldwell v. Allstate Ins. Co., 453 So. 2d 1187 (Fla. 1st DCA 1984); MCO Envtl., Inc. v. Agric. Excess & Surplus Ins. Co., 689 So. 2d 1114, 1116 (Fla. 3d DCA 1997). "[I]it is well established that an insurer's unjustified refusal to defend a suit against the insured relieves the insured of his contract obligation to leave the management of such suit to the insurer and justifies him in assuming the defense of the action on his own account. In such a case the insurer cannot complain about the conduct of the defense by the insured [and] cannot dictate to the insured how the case should be handled…" Carrousel, 483 So. 2d @ 517.

VI. CONCLUSION

Amerisure's motion for partial summary judgment should be denied in all respects.

Respectfully submitted,

Rosemary Hanna Hayes

Rosemary Hanna Hayes



HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

CERTIFICATE OF SERVICE

I certify this response and affidavit in opposition were electronically filed via the CM/ECF system which sends notification by email to jatkinson@atkinsonbrownell.com; wgray@foriza-dogali.com; ldolan@nixonpeabody.com; edrewniak@nixonpeabody.com on April 30, 2007.

/s/Rosemary H. Hayes

Rosemary H. Hayes
Florida Bar no.: 549509
Hayes & Caraballo, PL
830 Lucerne Terrace
Orlando, FL 32801
(Voice) 407.649.9974
(Fax) 407.649.9379
rhayes@const-law.com
*Attorneys for Plaintiff*