**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROGER KENNEDY CONSTRUCTION, INC.,**

          **Plaintiff,**

**-vs-**                              **Case No.  6:06-cv-1075-Orl-19KRS**

**AMERISURE INSURANCE COMPANY, TRANSCONTINENTAL INSURANCE COMPANY, VALLEY FORGE INSURANCE COMPANY,**

          **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM NON-PARTY HUCKLEBERRY, SIBLEY & HARVEY (Doc. No. 99)**
>
> **FILED:** April 27, 2007
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

On April 5, 2007, Plaintiff Roger Kennedy Construction, Inc. ("Kennedy"), served a subpoena on non-party Huckleberry, Sibley & Harvey Insurance & Bonds, Inc. ("HSH"). *See* Doc. No. 106-4 (subpoena).  Kennedy now seeks to compel production of the documents requested in the subpoena.  Kennedy states that none of the documents subpoenaed have been produced, and

that there is a dispute regarding whether some of the documents may be withheld based on trade secret protection.

HSH has responded to the motion. Doc. No. 106. In its response, HSH indicates that it requested an extension of time to respond to the subpoena, which Kennedy granted. It protests that Kennedy filed the motion to compel before the expiration of the extension. HSH also indicates that on May 1, 2007, HSH informed Kennedy that those documents not withheld on the basis of a claim of trade secret protection "were ready to be inspected, as per the two week extension." *Id*. at 2. Therefore, HSH argues that Kennedy's motion is premature and moot. HSH also requests its fees and costs.

Based on the foregoing, it appears that Kennedy did not conduct an adequate good faith conference with HSH before filing the present motion. It is entirely inappropriate to bring a motion to compel while the responding party still has time to produce. Furthermore, according to HSH, many of the documents have been made available for inspection. Therefore, there is no need to compel the production of these documents.

If the dispute is not resolved after a further good faith conference, it is **ORDERED** that HSH shall produce a privilege log setting forth the information responsive to the subpoena that it withheld on the basis of privilege or protection. The privilege log shall contain the following information as to each document, or portion thereof, withheld from production:

    a.    The name and job title or capacity of the author;

    b.    The name and job title or capacity of each recipient;

      c.      The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

      d.      The title and description of the document;

      e.      The subject matter addressed in the document;

      f.      The purpose(s) for which it was prepared or communicated; and

      g.      The specific basis for the claim that it is privileged.

Should the Court be asked to determine the viability of the asserted privileges and protections, it is further **ORDERED** that HSH shall file with its response to a renewed motion to compel, or in support of its own motion for a protective order, the portion of the privilege log listing only the documents in dispute and an appendix containing each "affidavit[ ], deposition testimony, other sworn statements or other evidence" upon which HSH relies to support each element of each asserted privilege or protection in dispute. *See CSX Transp., Inc. v. Admiral Ins. Co.*, No. 93-132-CIV-J-10, 1995 WL 855421, at * 5 (M.D. Fla. July 20, 1995). This appendix shall be organized so that the evidence submitted in support of the privilege or protection asserted is specifically correlated with the document to which the evidence applies. No party may submit documents for the Court's *in camera* review, unless the Court issues a subsequent order requesting such submissions. *See id.* (court not required to undertake *in camera* review of documents when proponent of work product doctrine has failed to meet its burden of presenting sufficient evidentiary support for application of the protection.).

A request for an award of attorney's fees and costs must be made by motion, rather than in a response, because the opposing party cannot, under the rules of the Court, file a reply to the response. Accordingly, I will not consider HSH's request for an award of attorneys' fees and costs included in its response to the motion.

**DONE** and **ORDERED** in Orlando, Florida on May 7, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties