### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROGER KENNEDY**
**CONSTRUCTION, INC.,**

                              **Plaintiff,**

**-vs-**                                                    **Case No.  6:06-cv-1075-Orl-19KRS**

**AMERISURE INSURANCE**
**COMPANY, TRANSCONTINENTAL**
**INSURANCE COMPANY, VALLEY**
**FORGE INSURANCE COMPANY,**

                              **Defendants.**
_____

# ORDER

This case comes before the Court on the following:

1.    Plaintiff Roger Kennedy Construction, Inc.'s Motion for Summary Judgment Against

      Amerisure (Doc. No. 76, filed Mar. 19, 2007);

2.    Defendant Amerisure Insurance Company's Motion for Partial Summary Judgment (Doc.

      No. 82, filed Apr. 4, 2007);

3.    Defendant Amerisure Insurance Company's Notice of Refiling Exhibit "G" to Motion for

      Partial Summary Judgment filed on April 4, 2007 (Doc. No. 84, filed Apr. 5, 2007);

4.    Defendant Amerisure Insurance Company's Notice of Refiling Exhibit "A" to Motion for

      Partial Summary Judgment filed on April 4, 2007 (Doc. No. 87, filed Apr. 11, 2007);

5.    Defendant Amerisure Insurance Company's Opposition to Plaintiff's Motion for Summary

      Judgment (Doc. No. 90, filed Apr. 19, 2007);

6.      Defendant's Notice of Filing Scrivener's Error of Amerisure's Opposition to Plaintiff's Motion for Summary Judgment (Doc. No. 93, filed Apr. 20, 2007);

7.      Defendant's Notice of Filing Scrivener's Error of Amerisure's Opposition to Plaintiff's Motion for Summary Judgment (Doc. No. 95, filed Apr. 23, 2007); and

8.      Plaintiff Roger Kennedy Construction, Inc.'s Motion to Strike Affidavit in Opposition to Motion for Summary Judgment (DE 90) or Alternative Motion for Leave to File a Reply (w/ Memorandum in Support) (Doc. No. 96, filed Apr. 23, 2007);

9.      Defendant Amerisure Insurance Company's Opposition to Plaintiff's Motion to Strike Affidavit in Opposition to Motion for Summary Judgment [Doc. 90] or Alternative Motion for Leave to File a Reply and Incorporated Memorandum of Law (Doc. No. 97, filed Apr. 25, 2007);

10.     Plaintiff Roger Kennedy Construction, Inc.'s Response in Opposition to Amerisure's Motion for Summary Judgment (D.E. 82) (w/ Memorandum in Support) (Doc. No. 102, filed Apr. 30, 2007);

11.     Defendant Amerisure Insurance Company's Notice of Filing Supplemental Authority in Support of its Motion for Partial Summary Judgment (Doc. No. 104, filed May 3, 2007); and

12.     Plaintiff Roger Kennedy Construction, Inc.'s Notice of Supplemental Authority in Opposition to Motion for Summary Judgment (DE 82) (Doc. No. 110, filed May 7, 2007).

## Background

Plaintiff Roger Kennedy Construction, Inc. is Florida construction company that is in the process of terminating its business. (Doc. No. 61, ¶ 5a; Doc. No. 62, ¶ 5a; Doc. No. 76-2, p. 2, ¶ 3). Defendant Amerisure Insurance Company is a foreign corporation that issued insurance policies

to Roger Kennedy.  (Doc. No. 61, ¶ 5b, 6a-b; Doc. No. 62, ¶ 5b, 6a-b; Doc. No. 61-3; Doc. No. 61-4;

Doc. No. 61-5).  Roger Kennedy is suing multiple defendants, including Amerisure, for breach of

insurance contract, specifically for failure to defend and indemnify it with respect to claims brought

by third parties and attorney's fees pursuant to Florida Statutes Section 627.428.[1]  (Doc. No. 61, ¶¶

1, 12-16).  The relevant facts are summarized as follows.

## I.       The Subject Policies and Relevant Provisions.

Amerisure issued Roger Kennedy an Insurance Policy (no. CPP 1384196) and an Umbrella

Policy (no. CU 1384197) for the years 2002-2003 as well as a Tail Policy (no. GL 200660800) for

the years 2003-2005.  (Doc. No. 61, ¶ 6a-b; Doc. No. 62, ¶ 6a-b; Doc. No. 61-3; Doc. No. 61-4; Doc.

No. 61-5).  The Insurance Policy and Tail Policy provide that:

> [Amerisure] will pay those sums that the insured becomes legally obligated to pay
> as damages because of "bodily injury" or "property damage" to which this insurance
> applies.  We will have the right and duty to defend the insured against any "suit"
> seeking those damages.  However, we will have no duty to defend the insured against
> any "suit" seeking damages for "bodily injury" or "property damage" to which this
> insurance does not apply.  We may, at our discretion, investigate any "occurrence"
> and settle any claim or "suit" that may result.[2]

(Doc. No. 61-3, p. 12; Doc. No. 61-5, p. 10).  The Umbrella Policy has similar language which

indicates that Amerisure will pay "damages which exceed the limit of the 'underlying liability

insurance' . . . because of: (1) 'Bodily injury', [or] (2) 'Property damage' . . . caused by an

---

[1]       Jurisdiction over the instant case is premised on diversity of citizenship.  (Doc. No.
61, ¶ 2; Doc. No. 62, ¶ 2).  Therefore, the Court must apply state substantive law.  *Erie RR Co. v.
Tompkins,* 304 U.S. 64, 78 (1938).  Because the parties have agreed that the Florida law governs the
instant dispute, the Court applies Florida law to interpret the contracts without conducting its own
choice of law analysis.  (Doc. No. 76, pp. 2-3; Doc. No. 90, pp. 2-4).

[2]       Each of the three policies defines "occurrence" as "an accident, including continuous
or repeated exposure to substantially the same general harmful conditions."  (Doc. No. 61-3, p. 23;
Doc. No. 61-4, p. 23; Doc. No. 61-5, p. 23).

'occurrence' . . . .We may, at our discretion, investigate any 'occurrence' and settle any claim or 'suit' that may result." (Doc. No. 61-4, p. 5-6). The Umbrella Policy limits Amerisure's duty to defend by providing that Amerisure has "no duty to defend any claim or 'suit' that any other insurer has a duty to defend." (*Id.* at p. 6). Each policy specifically excludes "Damage to Your Work" which is defined as: "'Property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.' This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor."[3] (Doc. No. 61-3, p. 15; Doc. No. 61-4, p. 10; Doc. No. 61-5, p. 14).

In the case of an "occurrence," the Insurance Policy and Tail Policy require that the insured "see to it that [Amerisure] is notified as soon as practicable of an 'occurrence' or an offense which may result in a claim." (Doc. No. 61-3, p. 20; Doc. No. 61-5, p. 19). If a claim is filed or suit is brought, the insured must record the specifics of the claim and notify Amerisure in writing "as soon as practicable." (Doc. No. 61-3, p. 20; Doc. No. 61-5, p. 20). The insured was also required to "immediately send [Amerisure] copies of any . . . legal papers received in connection with the claim or 'suit'." (*Id.*) With respect to both occurrences and claims, the Insurance Policy and Tail Policy provide that "[n]o insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than first aid without our consent." (*Id.*) If the insured recovers any payments Amerisure made, the insured must transfer the rights to Amerisure. (Doc. No. 61-3, p. 21; Doc. No. 61-4, p. 20; Doc. No. 61-5, p. 21).

---

[3]        "Products-completed operations hazard" "[i]ncludes all 'bodily injury' and 'property damage' occurring away from premises you own or rent and arising out of 'your product' or 'your work' except . . . [w]ork that has not yet been completed or abandoned." (Doc. No. 61-3, p. 23; Doc. No. 61-4, p. 23; Doc. No. 61-5, p. 24).

II.     **General Allegations and Claims at Issue**.

The dispute between Roger Kennedy and Amerisure involves claims on six properties which Roger Kennedy constructed.  (*See* Doc. No. 61, ¶ 7).  Roger Kennedy claims that Amerisure failed to defend it with respect to these claims despite receiving timely notice.  (Doc. No. 61, ¶¶ 14-16).  According to Roger Kennedy, Amerisure's failure to defend transferred control to Roger Kennedy and entitled it to full reimbursement of all its litigation costs.  (Doc. No. 61, ¶ 20).  Roger Kennedy made partial payments on each claim before this suit was filed.  (Doc. No. 61, ¶ 18).  In the time since the instant case was filed, Amerisure has reimbursed all of Roger Kennedy's defense costs except $16,844.17 that Amerisure contends accrued before it received notice of the claims.[4]  (Doc. No. 76-2, pp. 5-6, ¶¶ 13-14).

A.     **Cypress Club Apartments**

Roger Kennedy received notice of a potential claim against it with respect to Cypress Club on April 5, 2004.  (Doc. No. 61, ¶ 7a).  Roger Kennedy notified its insurance carrier, Huckleberry, Sibley & Harvey Insurance & Bonds, Inc. ("HSH"), that same day.  (Doc. No. 76-4, ¶ 8).  HSH in turn notified Amerisure of the potential claim on May 5, 2004.  (*Id.* at ¶ 9).

Amerisure told HSH that it would participate in providing Roger Kennedy a defense to the underlying claims.  (Doc. No. 76-4, ¶ 10).  Amerisure sent Roger Kennedy a "Revised Reservation of Rights" letter with respect to Cypress Club on May 24, 2005.  (Doc. No. 76-2, pp. 4-5, ¶ 11; Doc. No. 76-2, pp. 26-29).  The Revised Reservation of Rights letter indicated that the damages may not

---

[4]     The dispute with respect to the alleged pre-notice expenses involves the question of whether Amerisure should be liable for the expenses incurred after Roger Kennedy provided notice to its insurance carrier, Huckleberry, Sibley & Harvey Insurance & Bonds, Inc. ("HSH") or after the time when HSH provided notice to Amerisure.  (*See* Doc. No. 76, pp. 20-21).

be covered by Roger Kennedy's insurance and stated that Amerisure would "continue to investigate the claim to determine whether it will provide Roger Kennedy Construction a defense." (Doc. No. 76-2, pp. 26-27). If Amerisure determined that the damage was covered by Roger Kennedy's insurance, it offered to split the defense costs with the other defendants, each paying 50%, from January 26, 2005 forward. (*Id.* at p. 29).

Amerisure ultimately settled the claim on Cypress Club for $ 55,000. (Doc. No. 76-2, p. 5, ¶ 11; Doc. No. 76-2, p. 30). Amerisure sent Roger Kennedy a letter dated April 24, 2006 acknowledging the settlement. (Doc. No. 76-2, p. 30). Roger Kennedy claims that Amerisure did not provide a defense in 2004 or 2005 and did not reimburse Roger Kennedy's fees and costs until after the instant suit was filed. (Doc. No. 76-2, p. 5, ¶ 11). Roger Kennedy offers the April 24, 2006 letter as proof that Amerisure ackowledged that the claim was covered. (*Id.*) However, Amerisure's letter states:

> we have not denied coverage for this claim. In fact, we defended Roger Kennedy Construction pursuant to a reservation of rights (copy attached) and ultimately paid $55,000 to settle the above referenced lawsuit.[5]

(Doc. No. 76-2, p. 30).

### B.    Cedar Forest Apartments

Roger Kennedy constructed Cedar Forrest Apartments and received a letter notifying it of a claim against the company on February 27, 2004. (Doc. No. 61, ¶ 7b). Roger Kennedy forwarded this letter to its insurance agent, HSH, on March 16, 2004. (Doc. No. 76-4, ¶ 6). HSH notified Amerisure of the claim on April 1, 2004. (*Id.* at ¶ 7).

---

[5]       A copy of the reservation of rights letter was omitted. (*See* Doc. No. 76-2, p. 30).

Amerisure told HSH that it would participate in providing Roger Kennedy a defense to the underlying claims.  (Doc. No. 76-4, ¶ 10).  Amerisure acknowledged the claim on Cedar Forrest in a letter dated May 3, 2006.  (Doc. No. 76-2, p. 5, ¶ 12; Doc. No. 76-2, p. 31).  The letter stated that Amerisure had not denied coverage of the claim and was defending Roger Kennedy pursuant to a reservation of rights.  (Doc. No. 76-2, p. 31).

### C.    Lake Pointe Apartments

Roger Kennedy notified HSH of a claim on Lake Pointe on November 26, 2003.  (Doc. No. 76-4, ¶ 4).  HSH placed all of Roger Kennedy's insurers on notice of a lawsuit filed by Lake Pointe on December 11, 2003.   (Doc. No. 76-4, ¶ 5).

Amerisure told HSH that it would participate in providing Roger Kennedy a defense to the underlying claims.  (Doc. No. 76-4, ¶ 10).  Amerisure sent Roger Kennedy a "Reservation of Rights" letter dated December 17, 2003 which stated "we acknowledge there may be a duty to defend and indemnify for damages to the tenant's property but it is possible that your policy with our company may not provide coverage for costs associated with repairing or replacing damage to the building you constructed."  (Doc. No. 76-2, pp. 7-8).  The December 17th letter referenced multiple sections of Roger Kennedy's insurance policy which could potentially limit coverage.  (*See id.* at pp. 8-10).  The letter also claimed that Roger Kennedy was aware of problems with the property in 2002, and its failure to notify Amerisure could potentially limit the duty to defend.  (*Id.* at p. 9).  Finally, the letter stated that Roger Kennedy's attorney had requested that Amerisure refrain from acting until after a motion to dismiss was heard on January 7, 2004.  (*Id.* at p. 10).  If the motion was denied, Amerisure indicated that it would then "determine whether [it would] provide a defense under a reservation of rights."  (*Id.*)

On May 24 2005, Amerisure sent Roger Kennedy a "Revised Reservation of Rights" letter. (*Id.* at pp. 13-15).  In the revised letter, Amerisure promised to reimburse Roger Kennedy for 50% of the legal expenses from the time the loss was reported to Amerisure in November of 2003 and to continue to pay 50% of Roger Kennedy's legal expenses until the litigation was complete.  (*Id.* at pp. 13-14).  The letter cited a controlling case from the Florida's Second District Court of Appeals, *JSUB Inc. v. United States Fire Ins.Co.,* which was being appealed to the Florida Supreme Court, and indicated that this case was the reason that the claim was covered by Roger Kennedy's insurance policy. (*Id.* at p. 14).  Amerisure reserved the right to re-assert the coverage defenses from its previous reservation of rights letter if the *JSUB Inc.* case was reversed.  (*Id.*)  After the Revised Reservation of Rights letter, Roger Kennedy provided evidence that Amerisure only made partial payments but did not reimburse all expenses or provide a defense until Roger Kennedy instituted the underlying action.  (*Id.* at p. 2-3, ¶¶ 4,6, 7).

### D.    Regal Pointe Apartments

Roger Kennedy alleges it received notice of an impending claim on June 10, 2005 and avers that it immediately notified its insurers.   (Doc. No. 61, ¶ 7d).   However, there is no admissible evidence in the record to indicate the accuracy of Roger Kennedy's contention.   Amerisure's answers to Roger Kennedy's interrogatories state that it received notice of this claim on July 26, 2005.  (Doc. No. 76-5, ¶ 20).

Roger Kennedy provides evidence that Amerisure did not commence paying for its defense until after the instant lawsuit was filed and attaches a letter from Amerisure, dated September 5, 2006, which states that it would defend Roger Kennedy. (Doc. No. 76-2, p. 4, ¶ 9; Doc. No. 76-2, p. 18).  However, the letter specifically states that the defense was being provided "**pursuant to a**

**reservation of rights.**"[6]   (Doc. No. 76-2, p. 18 (emphasis added)).  Since the time the letter was written, Amerisure has controlled Roger Kennedy's defense and reimbursed all outstanding legal expenses except those Amerisure contends were accrued pre-notice.  (Doc. No. 76-2, p. 4, ¶ 9).  Amerisure ultimately settled the Regal Pointe claim for $40,000.  (*Id.* at ¶ 10(a)).

     E.     **Castle Woods Apartments and St. Lucie Apartments.**

In 2002, a claim was filed against Roger Kennedy with respect to water intrusion issues in each apartment.  (Doc. No. 61, ¶ 7e(iii)).  Roger Kennedy claims it provided notice of these claims to its insurers on June 7 and July 1, 2002.  (Doc. No. 61, ¶ 7e(iii)).  Amerisure allegedly never received this notice.  (Doc. No. 62, ¶ 7e(iii)).  There was no activity with respect to the water intrusion claims until June 2005 when new claims were asserted against Roger Kennedy.  (Doc. No. 61, ¶ 7e(iv)).   Roger Kennedy claims it provided notice of these new claims to its insurers in July 2005.  (Doc. No. 61, ¶ 7e(iv)).   However, there is no admissible evidence in the record to indicate the accuracy of these contentions.  Amerisure's answers to Roger Kennedy's interrogatories state that it received notice of this claim sometime in October 2005.  (Doc. No. 76-5, ¶ 20).

With respect to the new claims on St. Lucie and Castle Woods, Roger Kennedy provides evidence that Amerisure did not commence paying for its defense until after the instant lawsuit was filed and attaches letters from Amerisure, dated September 5, 2006, which state that it would defend

---

     [6]     Roger Kennedy submitted the affidavit of its president, Michael Knadle, in order to authenticate the Amerisure's Regal Pointe letter.  (*See* Doc. No. 76-2).  Mr. Knadle claims Amerisure's letter states that it would provide a defense "without reservation."  (Doc. No. 76-2, p. 4, ¶ 9). Mr. Knadle's statement is contrary to the express language of the letter which indicates that Amerisure  agreed to defend Roger Kennedy pursuant to a reservation of rights.  (Doc. No. 76-2, p. 18).

Roger Kennedy "**pursuant to a reservation of rights**."[7]   (Doc. No. 76-2, p. 4, ¶ 9; Doc. No. 76-2, pp. 16, 17 (emphasis added)).   Since the time the letter was written, Amerisure has controlled Roger Kennedy's defense and reimbursed all outstanding legal expenses except those Amerisure contends were accrued pre-notice.   (Doc. No. 76-2, p. 4, ¶ 9).   Amerisure settled the claims on St. Lucie and Castle Woods for $50,000 each.   (Doc. No. 76-2, p. 4, ¶ 10(b), (c); *see also* Doc. No. 76-2, pp. 19-25).

### F.      Summary of Current Status of Claims.

All claims except for those relating to Cedar Forest have been settled.   (Doc. No. 76-2, p. 5, ¶ 13).   However, there has been no action on the Cedar Forest claim within the past year.   (Doc. No. 76-2, p. 5, ¶¶ 12, 13).   After the instant lawsuit was filed, Amerisure reimbursed all of Roger Kennedy's defense costs, totaling over $1,800,000.   (*Id.* at ¶ 13).   According to Roger Kennedy, "[t]he only outstanding issue is whether Amerisure is responsible for **$16,844.17** it contends are fees incurred before it was notified of claims on Lake Pointe, Cedar Forest, Castle Woods and St. Lucie." (*Id.* at ¶ 14 (emphasis in original)).

### Standard of Review

"[I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson*

---

[7]       Roger Kennedy submitted the affidavit of its president, Michael Knadle, in order to authenticate the Amerisure's St. Lucie and Castle Woods letters.   (*See* Doc. No. 76-2).   Mr. Knadle claims Amerisure's letter states that it would provide a defense "without reservation."   (Doc. No. 76-2, p. 4, ¶ 9).   Mr. Knadle's statement is contrary to the express language of the letter which indicates that Amerisure agreed to defend Roger Kennedy pursuant to a reservation of rights.   (Doc. No. 76-2, p. 16, 17).

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is only appropriate when "the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The moving party has the burden of proving that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment. *Id.*

## Analysis

## I.    Record Presented and Roger Kennedy's Motion to Strike.

Counsel for both parties have filed multiple documents in support of their summary judgment motions which the Court cannot consider because they are not properly authenticated and therefore are not admissible into evidence. Fed. R. Civ. P. 56(c), (e). For instance, Andrea Booth's affidavit that is attached to Amerisure's Response to Roger Kennedy's Motion neither establishes that Ms. Booth has personal knowledge of the contents of the records which she summarizes nor authenticates the records attached as "Exhibit A" as business records. (Doc. Nos. 90-2, 90-3, 90-4). There has been no showing that Andrea Booth is a proper custodian of records, and there is no indication of how such records were generated. (Doc. Nos. 90-2, 90-3). The fact that the affidavit also fails to properly authenticate the records contained in "Exhibit B" is immaterial because such

records were prepared by Roger Kennedy and therefore are admissible against it as an admission of a party opponent.  (Doc. No. 90-2, ¶ 5, 90-4); Fed. R. Evid. 801(d)(2).

Rather than strike individual sections of multiple different documents, the Court declines to consider documents that do not meet the requirements of Federal Rule of Civil Procedure 56 or have not been shown to be admissible under the Federal Rules of Evidence in deciding the parties' summary judgment motions.  Because the Court will not consider the inadmissible portions of the Booth Affidavit and the attached documents, Roger Kennedy's Motion to Strike the Booth Affidavit or Alternative Motion for Leave to Reply (Doc. No. 96) is denied.

In order to expedite trial of the instant case, counsel for both parties are advised to review the Federal Rules of Evidence, specifically, Federal Rule 801(d)(2), which addresses admissions by a party opponent, and Federal Rule 803(6), which addresses the hearsay exception for business records.

## II.      Plaintiff Roger Kennedy's Motion for Summary Judgment Against Defendant Amerisure.

Roger Kennedy argues it is entitled to summary judgment with respect to the following issues: (1) Amerisure breached its insurance contracts to defend Roger Kennedy; (2) Amerisure waived its coverage defense by settling the underlying claims on Roger Kennedy's behalf; (3) Amerisure's post-suit payment of all of Roger Kennedy's outstanding expenses and agreement to undertake Roger Kennedy's defense amount to a confession of judgment; and (4) Amerisure is liable to Roger Kennedy for the $16,844.17 still in dispute because notice to HSH was sufficient to notify Amerisure.  (*See* Doc. No. 76, p. 9).

The Court may only grant summary judgment if there is "no genuine issue as to any material fact," and all doubts must be resolved in favor of the non-moving party.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Consequently, Roger Kennedy's Motion for Summary Judgment can be resolved without significant legal analysis.

First, there is no basis on this record to conclude that Amerisure breached its insurance contracts.  The insurance policies clearly create a duty for Amerisure to defend suits for damages because of "bodily injury" or "property damage" that are covered by the policies.  (*See, e.g.,* Doc. No. 61-3, p. 12).  However, despite quoting significant portions of the insurance policies,  neither party has provided any details of the claims filed against Roger Kennedy for the Court to determine whether they fall within the terms of Amerisure's insurance policies.

Instead, Roger Kennedy contends that Amerisure breached the insurance contracts because it acknowledged its duty to defend.  (Doc. No. 76, p. 10).  Although Amerisure did agree to defend Roger Kennedy, the evidence indicates that the defense would be provided "pursuant to a reservation of rights."  (*See, e.g.,* Doc. No. 76-2, pp. 16-18).  It is well established under Florida law that an insurer may defend its insured pursuant to a reservation of rights and that an insurer does not breach its duty to defend by providing a defense pursuant to reservation of rights.  *See, e.g, Colony Ins. Co. v. G & E Tires & Serv., Inc.,* 777 So.2d 1034, 1037 (Fla. 1st DCA 2000); *First Am. Title Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 695 So.2d 475, 476-77 (Fla. 3d DCA 1997).  An insurer that defends a claim under a reservation of rights is permitted to assert coverage defenses at a later date provided that it complies with the requirements of Florida Statute § 627.426.  *See Griffen Roofing Co. v. DHS Developers Inc.*, 442 So.2d 396, 396-97 (Fla. 5th DCA 1983).  Additionally, an insurer defending its insured pursuant to a reservation of rights is  permitted to settle a third-party

claim within policy limits without confessing judgment as to coverage. *Basik Exp. & Imp., Inc. v. Preferred Nat'l Ins. Co.* 911 So.2d 291, 294 (Fla. 4th DCA 2005). Rather, a confession of judgment occurs when an insurer settles a coverage claim against it brought by its insured. *Wollard v. Lloyd's & Cos. of Lloyd's*, 439 So.2d 217, 218 (Fla. 1983).

There is evidence that Amerisure commenced paying Roger Kennedy's defense costs with respect to the claims on all properties before this lawsuit was filed. (Doc. No. 90-4). There is evidence indicating that Amerisure defended Roger Kennedy pursuant to a reservation of rights and settled some of the underlying claims. (Doc. No. 76-2). Therefore, on this record it cannot be concluded that Amerisure's payment of defense costs and settlement of third-party claims constitutes a confession of judgment or a waiver of coverage defenses.

Roger Kennedy contends that Amerisure never provided the defense it promised and submits affidavits of its president Michael Knadle, which includes facts to support the contention that any defense allegedly provided was inadequate. (*See* Doc. No. 76-2; Doc. No. 102-2). However, Mr. Knadle averred that Amerisure has reimbursed all of Roger Kennedy's expenses except for $16,844.17. (Doc. No. 76-2, pp. 5-6, ¶¶ 13-14). The fact that Amerisure has reimbursed almost all of Roger Kennedy's defense costs is supported by Roger Kennedy's own documents. (Doc. No. 90-4). Moreover, there is evidence in the record that Amerisure consented to pay a mutually agreeable counsel to defend Roger Kennedy in the underlying claims against it. (*E.g.,* Doc. No. 76-2, p. 14). Consequently, it cannot be determined on the record that the defense was insufficient at this stage of the proceedings.

Roger Kennedy's argument that it is entitled to summary judgment and an award of the $16,844.17 alleged "pre-notice" expenses is similarly not well taken. (Doc. No. 76, pp. 19-21).

Roger Kennedy contends that notice to HSH was sufficient to notify Amerisure of the claims at issue because HSH was Amerisure's agent.  (*Id.* at p. 21).  Although Roger Kennedy has submitted evidence that it provided notice to HSH of claims in 2003 and 2004, that HSH provided notice to Amerisure, and that HSH and Amerisure had an agency agreement dated July 1, 2001, Roger Kennedy has failed to introduce any evidence defining the scope or duration of the agency agreement between Amerisure and HSH.[8]  (Doc. Nos. 76-4, 76-5).  "The question of agency is one of fact to be determined by the trier of the fact and the burden of proof is on the party who asserts it."  *Bernstein v. Dwork,* 320 So.2d 472, 474 (Fla. 3d DCA 1975).  Because the issue of agency is factual in nature, it generally should not be resolved on summary judgment.  *See Robbins v. Hess*, 659 So.2d 424, 427 (Fla. 1st DCA 1995).  Without evidence in the record that defines the scope

---

[8]      The only evidence Roger Kennedy produces discussing HSH's relationship with Amerisure are Amerisure's answers to the following interrogatories:

> 2.      Please state whether there are any present or past written agreements, contracts, or similar documents or communications evidencing agreements between Amerisure and HSH since 1998, and, if so, give the date.

> **RESPONSE**: Yes.  The agency agreement is dated July 1, 2001.

> 3.      Please identify all Amerisure "Premier Agencies" in Florida by agency name, address and point of contact.

> **RESPONSE:** Objection.  This Interrogatory is irrelevant to the subject matter of this litigation.  Notwithstanding said objection, Amerisure's Premier Agent in this matter is Huckleberry, Sibley and Harvey located at 1020 N. Orlando Avenue, Suite 200, Maitland, Florida 32751.

(Doc. No. 76-5, ¶¶ 2-3).  Roger Kennedy failed to include the 2001 agency agreement, so there is no evidence as to its scope or duration.  (Doc. No. 76-5, ¶ 2).  Moreover, Roger Kennedy failed to produce evidence as to the meaning of the term "Premier Agency."  All of the other evidence in the record refers to HSH as Roger Kennedy's agent, but does not discuss HSH's relationship with Amerisure.

HSH's relationship with Amerisure, the Court cannot conclude on summary judgment that notice to HSH was sufficient to notify Amerisure.

## II.   Defendant Amerisure's Motion for Partial Summary Judgment Against Plaintiff Roger Kennedy.

Amerisure moves for partial summary judgment and argues that it is entitled to a judgment that: (1) it provided a defense to Roger Kennedy as of the date of notice on each claim; and (2) Roger Kennedy is not entitled to pre-notice legal fees and expenses incurred on each project. (Doc. No. 82, p. 3). Additionally, with respect to Lake Pointe, Amerisure moves for summary judgment contending that Roger Kennedy is not entitled to be reimbursed for its pre and post-notice expenses that were incurred without the approval required by Amerisure's insurance policies. (*Id.*)

Amerisure's arguments are not well taken. An insurer's duty to defend arises from the insurance contract. *Carrousel Concessions, Inc. v. Fla. Ins. Guar. Ass'n*, 483 So.2d 513, 516 (Fla. 3d DCA 1986). If an insurer fails to provide an "adequate defense," it breaches its contractual duty and may be held "liable for all damages naturally flowing from the breach." *Id.* If an insurer breaches its duty to defend or unjustifiably refuses to defend its insured, it forfeits control of the suit to the insured and may be held liable to its insured for costs incurred in providing its own defense. *Id.* at p. 517-18.

As previously noted in this Order, there are genuine issues of material fact with respect to the adequacy of Amerisure's defense. *Supra - Analysis, Part II*. Therefore, it cannot be concluded on motion for summary judgment that Amerisure provided a defense to Roger Kennedy as of the dates notice was given. Similarly, until the factual issue with respect to the adequacy of

Amerisure's defense is resolved, the Court cannot find that Roger Kennedy is not entitled to post-notice fees and costs incurred on the Lake Pointe claim without Amerisure's consent.

Amerisure's contention that the Court should grant summary judgment and find that Roger Kennedy is not entitled to the $16,844.17 in allegedly pre-notice legal fees is similarly not well taken. There are genuine issues of material fact with respect to the dates notice was given to Amerisure. *Supra - Analysis, Part II.* For instance, with respect to Lake Pointe, Amerisure contends that it did not receive notice of the claim until December 2003, and Roger Kennedy contends that its notice to HSH in November of 2003 was sufficient to notify Amerisure. (Doc. No. 76-4, ¶¶ 4-5; Doc. No. 87-2, p. 2). Because there is an issue of fact as to the date notice was given to Amerisure, the Court cannot conclude that Roger Kennedy is not entitled to the outstanding fees and costs on any of the properties at issue.

### Notice to Counsel

Counsel for both parties are required to conform their conduct and filings to the Local Rules of this Court.[9] Local Rule 2.04(d) requires all counsel practicing before this Court to follow the rules of professional conduct adopted by the Supreme Court of Florida. Moreover, Local Rule 2.04(h) specifically provides that: "Attorneys and litigants should conduct themselves with civility and in a spirit of cooperation in order to reduce unnecessary cost and delay." Pursuant to the Local Rules, the Court will not tolerate inappropriate characterizations of litigants or opposing counsel as such characterizations are unprofessional, unnecessary, and hinder the efficient administration

---

[9]    Counsel for both parties may obtain copies of the Local Rules on this Court's Website at http://www.flmd.uscourts.gov.

of justice.[10]  Counsel for both parties are directed to avoid making such characterizations in future filings and at trial or discipline may be imposed.  *See* Local Rule 2.04.

**Conclusion**

Based on the foregoing, the Court **DENIES:**

1.    Roger Kennedy's Motion for Summary Judgment (Doc. No. 76);

2.    Amerisure's Motion for Partial Summary Judgment (Doc. No. 82); and

3.    Roger Kennedy's Motion to Strike Affidavit or Alternative Motion for Leave to File a

Reply (Doc. No. 96).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on June 18, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

---

[10]      For instance, Plaintiff's characterizations of Amerisure's actions as "stubborn" is inappropriate. (Doc. No. 102, p. 13 n. 8).  The Court notes that Plaintiff's Complaint asserts a claim for attorney's fees pursuant to Florida Statute § 627.428.  (*See* Doc. No. 61, ¶ 1).  Although the statute mandates the award of attorney's fees "upon rendition of a judgment . . . in favor . . . of the insured," the statute limits such fees to "a reasonable sum," which is determined by the trial court judge. Fla. Stat. § 627.428(1); *Schneider v. Nat'l Cas. Co.*, 623 So.2d 798, 800 (Fla. 3d DCA 1993).  Under Florida law, the Court must consider factors such as "[t]he time and labor required . . . and the skill requisite to perform the legal service properly" as well as "[t]he experience, reputation, and ability of the lawyer or lawyers performing the services." *Fla. Patient's Compensation Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla. 1985)); *see also So. Farm Bureau Life Ins. Co. v. Hoover*, 833 So.2d 261, 261 (Fla. 4th DCA 2002) (indicating standards set forth in *Rowe* apply to award of attorney's fees under Florida Statutes Section 627.428(1)).