# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROGER KENNEDY CONSTRUCTION, INC.,**

        **Plaintiff,**

-vs-                                                                  **Case No. 6:06-cv-1075-Orl-19KRS**

**AMERISURE INSURANCE COMPANY, TRANSCONTINENTAL INSURANCE COMPANY, VALLEY FORGE INSURANCE COMPANY,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on Plaintiff's Motion to Compel Discovery from Amerisure and for Award of Expenses, doc. no. 80. Defendant Amerisure Insurance Company (Amerisure) filed an opposition to the motion with supporting documents, doc. no. 101. With leave of Court, Plaintiff Roger Kennedy Construction, Inc. (Roger Kennedy) filed a reply memorandum, doc. no. 107.

The background facts are set forth in the Order entered by the Honorable Patricia C. Fawsett, presiding district judge, denying the parties' motions for summary judgment. Doc. No. 119.

I will address in this order only the motion to compel further responses to certain interrogatories and requests for production of documents. I will schedule an evidentiary hearing on the issues regarding the privilege log by separate notice. Following resolution of all of the substantive issues raised in the motion, I will address the request for an award of expenses.

In interrogatory number 4, Roger Kennedy asks Amerisure to identify all appointments held by Huckleberry, Sibley & Harvey, Insurance & Bonds, Inc. (HSH) or its representatives, principals or employees. In request for production number 4, Roger Kennedy asks Amerisure to produce all such appointments. Amerisure objected to both discovery requests as vague regarding the term "appointments." Roger Kennedy has clarified the term by reference to Florida law, which is sufficient to cure the vagueness objection. Amerisure also objected to the interrogatory as overbroad, but it did not raise this objection as to the request for production of documents. Thus, it does not appear that there is a valid overbreadth objection. Accordingly, the motion to compel a more complete response to interrogatory number 4 and request for production number 4 is **GRANTED**. It is **ORDERED** that, on or before July 3, 2007, Amerisure shall provide a sworn supplemental response to this interrogatory and produce for inspection and copying all documents within its possession, custody or control that are responsive to this request for production.

In interrogatory number 5, Roger Kennedy asks Amerisure to "state the criteria by which an agency becomes a 'Premier Agency'[,] [t]he date HSH first became a 'Premier agency,' and [to] describe HSH's agency status with Amerisure at all times prior to its becoming a 'Premier Agency.'" In its supplemental response to this interrogatory, Amerisure produced an agency agreement which "establishes the criteria under which [HSH] functions as an Agency." Doc. No. 101 at 10. Roger Kennedy correctly argues that merely producing the agency agreement does not completely answer the interrogatory. Accordingly, the motion to compel a more complete response to this interrogatory is **GRANTED**. It is **ORDERED** that, on or before July 3, 2007,

Amerisure shall provide a sworn supplemental response to this interrogatory, which response shall provide the requested information in narrative form rather than referring to documents.

In interrogatory number 8, Roger Kennedy asks Amerisure to "[i]dentify by date and signor on behalf of Roger Kennedy, HSH, and Amerisure, all applications for insurance submitted on behalf of Roger Kennedy . . . ." doc. No. 101 at 11. Once again, Roger Kennedy referred to documents, which it had not yet produced, rather than answering the interrogatory in narrative form.[1] Accordingly, the motion to compel a more complete response to this interrogatory is **GRANTED**. It is **ORDERED** that, on or before July 3, 2007, Amerisure shall provide a sworn supplemental response to this interrogatory, which response shall provide the requested information in narrative form rather than referring to documents. If any responsive information is withheld based upon the work product objection, it shall be listed in a privilege log in the form required by my order dated April 12, 2007, doc. no. 88, which privilege log shall be served on or before July 3, 2007.

In interrogatory number 9, Roger Kennedy asks Amerisure to "describe in detail the information relied upon by Amerisure that Amerisure contends forms a basis for rescission of the tail policy, the date such information was received, and the party or parties that reviewed and relied upon it on behalf of Amerisure." In response, Amerisure furnished the tail policy, rather

---

[1] Federal Rule of Civil Procedure 33(d) permits a party to rely on documents, rather than answering an interrogatory in narrative form, only when "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served . . . ." Amerisure has not attempted to make the showing required by Rule 33(d) to support its reliance on documents. Furthermore, Amerisure would not be able to establish that Roger Kennedy could as easily find the information from review of documents as Amerisure can when, as here, Amerisure had not produced the documents purportedly containing responsive information at the time it served its answer to the interrogatory.

than providing all of the information requested. Accordingly, the motion to compel a more complete response to this interrogatory is **GRANTED**. It is **ORDERED** that, on or before July 3, 2007, Amerisure shall provide a sworn supplemental response to this interrogatory, which response shall provide the requested information in narrative form rather than referring to documents. If any responsive information is withheld based upon the work product objection, it shall be listed in a privilege log in the form required by my order dated April 12, 2007, doc. no. 88, which privilege log shall be served on or before July 3, 2007.

In interrogatory number 22, Roger Kennedy asks as follows: "If Amerisure did not voluntarily tender payment to reimburse defense costs paid by Roger Kennedy, please state the basis for its payments." Doc. No. 101 at 13. In response, Amerisure merely stated the projects for which it paid defense costs. Once again, this information is not responsive to the interrogatory. If Amerisure voluntarily paid these defense costs, it should so state. If Amerisure did not voluntarily pay the defense costs, it shall state the reason it paid the costs. Accordingly, the motion to compel a further response to interrogatory number 22 is **GRANTED**. It is **ORDERED** that, on or before July 3, 2007, Amerisure shall provide a sworn supplemental response to this interrogatory, which response shall provide the requested information in narrative form rather than referring to documents.[2]

In interrogatory number 23, Roger Kennedy asks Amerisure to "[s]tate why Roger Kennedy is not entitled to interest on funds advanced to cover defense costs reimbursed by Amerisure." While Amerisure objected to the interrogatory, it stated that Roger Kennedy is not

---

[2] No objection based on privilege or protection was raised in response to this interrogatory.

entitled to any reimbursement due to lack of notice.  This is a sufficient response.  Accordingly, the motion to compel a further response to this interrogatory is **DENIED.**

Furthermore, to the extent that any answers to interrogatories have not been verified, it is further **ORDERED** that, on or before July 3, 2007, Amerisure shall serve verified copies of those answers.

**DONE** and **ORDERED** in Orlando, Florida on June 26, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Any Unrepresented Party