**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROGER KENNEDY CONSTRUCTION, INC.,**

          **Plaintiff,**

-vs-                                            Case No.  6:06-cv-1075-Orl-19KRS

**AMERISURE INSURANCE COMPANY, TRANSCONTINENTAL INSURANCE COMPANY, VALLEY FORGE INSURANCE COMPANY,**

          **Defendants.**

## ORDER

This cause came on for consideration after oral argument on Plaintiff's Motion to Compel Discovery from Amerisure and for Award of Expenses, doc. no. 80. Defendant Amerisure Insurance Company (Amerisure) filed an opposition to the motion with supporting documents, doc. no. 101. With leave of Court, Plaintiff Roger Kennedy Construction, Inc. (Roger Kennedy) filed a reply memorandum, doc. no. 107.

The background facts are set forth in the Order entered by the Honorable Patricia C. Fawsett, presiding district judge, denying the parties' motions for summary judgment. Doc. No. 119. On March 30, 2007, Roger Kennedy filed the present motion to compel production of 179 documents withheld on the basis of privilege or protection, *see* Doc. No. 80-2 (March 2007 Privilege Log); to compel more complete answers to certain interrogatories, and to compel the production of documents responsive to a request for production. The parties continued discussion regarding the disputed discovery, and Amerisure narrowed its privilege log in April 2007. *See*

Doc. No. 101-9. After I noticed an evidentiary hearing on the matter of the asserted privileges and protections, Amerisure again narrowed its privilege log to 4 documents. Doc. No. 128-4.

I previously entered an order granting in part and denying in part the motion to compel further responses to certain interrogatories and requests for production of documents, and there was argument at the hearing regarding whether Amerisure fully complied with my order. Doc. No. 122.

*A.     Privilege Log.*

The most recent version of the privilege log asserts attorney-client privilege and/or work-product protection for four documents. Doc. No. 128-4. According to counsel, all other documents that previously had been claimed as privileged or protected have been produced to Roger Kennedy.[1]

At the hearing held July 6, 2007, I reviewed the documents and the log accurately describes them. Based on that review, and for the reasons stated on the record at the hearing, Roger Kennedy's motion to compel the production of these 4 documents is **DENIED**. I will cause the documents to be filed under seal in the event future review of this Order is appropriate.

*B.     Interrogatories.*

For the reasons stated on the record at the hearing, it is **ORDERED** that on or before July 13, 2007, Amerisure shall serve a supplemental answer to interrogatory number 5.

---

[1] There is a dispute whether all documents originally produced in redacted form have been produced without redaction. As stated on the record at the hearing, it is **ORDERED** that any information redacted from a document produced in discovery must be reflected on a privilege log served simultaneously with the production of each redacted document.

### C. *Additional Matters.*

At the hearing, counsel for Amerisure orally moved for leave to reform the amended answer and counterclaim to make it consistent with Judge Fawsett's order permitting Amerisure to withdraw its rescission affirmative defense and counterclaim, doc. no. 120. For the reasons stated on the record, the oral motion is **GRANTED**. On or before July 11, 2007, Amerisure shall file an amended answer and counterclaim, consistent with the agreed language attached to the minutes of the hearing.[2]

At the hearing, counsel for the parties orally moved for an extension of time to file motions for summary judgment. For the reasons stated on the record, the oral motion is **GRANTED**. The deadline for filing any motions for summary judgment is extended to July 16, 2007. Additional extensions of time are unlikely to be granted.

### D. *Fees and Costs.*

Federal Rule of Civil Procedure 37(a)(4)(C) provides that when, as here, a motion to compel is granted in part and denied in part, the Court may apportion reasonable expenses incurred among the parties in a just manner, but that an award of expenses is not required. Roger Kennedy obtained a significant amount of discovery information disclosed by Amerisure after the discovery motion was filed. Therefore, having substantially prevailed on the discovery dispute, Roger Kennedy is entitled to be compensated, in part, for the reasonable expenses it incurred in filing the motion. In light of counsel's inability to resolve issues amicably, and because a dispute over the

---

[2] For the reasons stated on the record, once this amended answer and counterclaim is filed, any objections Roger Kennedy would have to Amerisure's response to interrogatory number 9 will be moot.

-3-

amount of reasonable expenses to be paid would, in itself, cause each side to incur even more attorney's fees, and costs, I find it appropriate to award Roger Kennedy $1,500.00 to compensate it, in part, for the reasonable expenses, including attorney's fees, it incurred in the good faith conferences leading to the motion to compel and litigation of the motion to compel, including attendance at the hearing.  Accordingly, it is **ORDERED** that on or before July 31, 2007, Amerisure shall tender to counsel for Roger Kennedy the amount of $1,500.00.

**DONE** and **ORDERED** in Orlando, Florida on July 9, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties