UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROGER KENNEDY**
**CONSTRUCTION, INC.,**

      **Plaintiff,**

-vs-              Case No.  6:06-cv-1075-Orl-19KRS

**AMERISURE INSURANCE**
**COMPANY, TRANSCONTINENTAL**
**INSURANCE COMPANY, VALLEY**
**FORGE INSURANCE COMPANY,**

      **Defendants.**
_____

# ORDER

   This case comes before the Court on the following:

1. Plaintiff Roger Kennedy Construction, Inc.'s Motion for Partial Summary Judgment Against Transcontinental and Valley Forge *(with Memorandum & Affidavit in Support)* (Doc. No. 131, filed July 9, 2007);

2. Plaintiff Roger Kennedy Construction, Inc.'s Notice of Filing Depositions & Exhibits Thereto Cited in Support of Partial Summary Judgment Against Transcontinental & Valley Forge (Doc. No. 132, filed July 9, 2007);

3. Opposition of Defendants Transcontinental Insurance Company and Valley Forge Insurance Company to Plaintiff's Motion for Partial Summary Judgment (Doc. No. 159, filed Aug. 16, 2007);

4. Defendants Transcontinental Insurance Company and Valley Forge Insurance Company's Notice of Filing Deposition Exhibits (Doc. No. 160, filed Aug. 16, 2007); and

5. Defendants Transcontinental Insurance Company and Valley Forge Insurance Company's Notice of Filing Attorney Affidavit in Opposition to Plaintiff's Motion for Summary Judgment (Doc. No. 162, filed Aug. 17, 2007).

**Background**

Plaintiff Roger Kennedy Construction, Inc. is a dissolved Florida construction company. (Doc. No. 131-2, ¶ 1). Roger Kennedy is suing multiple defendants, including Transcontinental Insurance Company and Valley Forge Insurance Company (collectively referred to as "CNA"), for breach of insurance contract, specifically for failure to defend and indemnify it with respect to claims brought by third parties and for attorney's fees pursuant to Florida Statutes Section 627.428.[1] (Doc. No. 61, ¶¶ 1, 23-36, 37-50). Roger Kennedy filed the underlying Motion for Partial Summary Judgment against CNA, alleging that it breached its duty to defend. (Doc. No. 131). Roger Kennedy specifically classifies its claims into the following three categories:

> [(1)] Lake Pointe and Cedar Forest, as to which CNA acknowledged its duty to defend, agreed to defend and then took no further action; [(2)] Regal Pointe, in response to which CNA sent notice that it was investigating and was never heard from again; and, [(3)] Cypress Cove [sic], St. Lucie and Castlewoods, claims received but never acknowledged by CNA.

---

[1] Jurisdiction over the instant case is premised on diversity of citizenship. (Doc. No. 61, ¶ 2). Therefore, the Court must apply state substantive law. *Erie RR Co. v. Tompkins,* 304 U.S. 64, 78 (1938). Because the parties have agreed that the Florida law governs the instant dispute, the Court applies Florida law to interpret the contracts without conducting its own choice of law analysis. (Doc. No. 131, pp. 2-3; Doc. No. 159 (citing Florida law as controlling)).

(*Id.* at p. 12)  CNA opposes Roger Kennedy's Motion on multiple grounds, arguing that Roger Kennedy has not met its burden of demonstrating summary judgment is appropriate.  (*See* Doc. No. 159).

**Standard of Review**

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is only appropriate when "the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The moving party has the burden of proving that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment. *Id.*

**Analysis**

Under Florida law, "[i]t is elementary that in order to recover on a claim for breach of contract the burden is upon the claimant to prove by a preponderance of the evidence the existence

of a contract, a breach thereof and damages flowing from the breach." *Knowles v. C. I. T. Corp.*, 346 So.2d 1042, 1043 (Fla. 1st DCA 1977).

In its first Motion for Summary Judgment Against Amerisure, Roger Kennedy introduced evidence that Amerisure paid all of Roger Kennedy's defense costs after this case was filed. (*E.g.*, Doc. No. 76-2). The testimony of the President of Roger Kennedy specifically asserts that:

> Attorney's fees and costs were reimbursed in full (except for the alleged pre-suit expense) after this suit was filed . . . . Amerisure agreed and has regularly remitted payment of defense costs. . . . The only outstanding issue is whether Amerisure is responsible for $16,844.17 it contends are fees incurred before it was notified of claims on Lake Pointe, Cedar Forest, Castle Woods and St. Lucie.

(Doc. No. 76-2, ¶¶ 13-14). After the instant Motion for Summary Judgment was filed, Roger Kennedy settled its claims against Amerisure and requested that the Court dismiss the claims between Roger Kennedy and Amerisure with prejudice. (Doc. Nos. 155, 156). In its notice of settlement Roger Kennedy stated: "[t]his notice of dismissal <u>does not</u> impact Roger Kennedy's claims against Transcontinental and Valley Forge . . . ." (Doc. No. 156, p. 2 (emphasis in original)). However, Roger Kennedy's Motion for Partial Summary Judgment against CNA neither refers to damages nor includes any evidence to prove the existence of damages. (*See* Doc. Nos. 131, 132). In light of Roger Kennedy's own admission with respect to the scope of outstanding damages and Roger Kennedy's subsequent settlement with Amerisure, there is no evidence in the record to show that Roger Kennedy was damaged by CNA's alleged breach of its contractual duty to defend. (*See* Doc. Nos. 76-2, 131, 132, 155, 156). Therefore, the Court finds that a genuine issue of material fact exists as to whether Roger Kennedy can prove damages, a necessary element of its breach of contract claim. *E.g., Knowles v. C. I. T. Corp.,* 346 So.2d 1042, 1043 (Fla. 1st DCA 1977). For these reasons, summary judgment must be denied.

**Conclusion**

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Partial Summary Judgment (Doc. No. 131).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August 22, 2007.

*[signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record